In the Matter of the Application of ROBERT C. WOOD et al., as Directors of the NEW YORK CITY INTERBOROUGH RAILWAY COMPANY, Respondents.

UNION RAILWAY COMPANY OF NEW YORK CITY, Appellant.

1. APPEAL — SUFFICIENCY OF EVIDENCE. The testimony examined in a proceeding to compel the board of railroad commissioners to issue a certificate of public convenience and necessity for the construction of certain proposed lines of street railways, and held, that there was evidence tending to establish the fact upon which was based a finding of the board to the effect that the applicant was incorporated.

2. ORDER OF APPELLATE DIVISION DIRECTING RAILROAD COMMISSIONERS TO ISSUE CERTIFICATE OF PUBLIC CONVENIENCE — PRACTICE TO BE OBSERVED IN BRINGING UP PROCEEDINGS FOR REVIEW. The Appellate Division after the refusal to issue such certificate has power to order the board to grant it, upon a review of the testimony taken before the commissioners, of the maps and papers on file, together with the findings. While the statute (Railroad Law [L. 1892, ch. 676], § 59) does not expressly provide that a copy of the testimony shall be certified, the certification must be deemed implied and intended, and although it does not point out the precise practice that should be adopted in bringing the case to a hearing, the Appellate Division may, by rule or otherwise, specify the time and notice that shall be given to interested parties.

3. FINAL ORDER. Such an order is a final order in a special proceeding, and, in the absence of any provision in the Railroad Law giving the right to appeal to the Court of Appeals, is appealable under section 190 of the Code of Civil Procedure so far as questions of law are concerned.

*Matter of Wood,* 99 App. Div. 334, affirmed.

(Argued February 20, 1905; decided March 7, 1905.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 9, 1905, requiring the board of railroad commissioners to issue to the New York City Interborough Railway Company a certificate of public convenience and necessity for the construction of certain lines of street railways proposed by that company.

The facts, so far as material, and the questions certified are stated in the opinion.

*Paul D. Cravath* for appellant. The decision of the Appellate Division directing that a certificate of public convenience and a necessity issue to the New York City Interborough Railway Company is reviewable by the Court of Appeals upon this appeal taken by the objector-appellant Union Railway Company. (*People ex rel.* v. *R. R. Comrs.*, 160 N. Y. 202; *People ex rel.* v. *R. R. Comrs.*, 158 N. Y. 421; *People ex rel.* v. *R. R. Comrs.*, 32 App. Div. 179; 158 N. Y. 711; *Howell* v. *Mills*, 53 N. Y. 322; *Anonymous*, 50 N. Y. 513; *People ex rel.* v. *Common Council of Syracuse*, 78 N. Y. 56; *S. T. Co.* v. *N. Y. C. & H. R. R. R. Co.*, 178 N. Y. 56; *Matter of Cooper*, 22 N. Y. 67; *Wetmore* v. *Wetmore*, 162 N. Y. 503; *Parish* v. *Parish*, 175 N. Y. 181.) The order appealed from should be reversed because the evidence does not support the conclusion of the Appellate Division that ten per cent of the capital stock of the Interborough Company had been paid in in good faith and in cash. (*Matter of K. Q. & S. R. R. Co.*, 6 App. Div. 241; *N. Y. C. Co.* v. *Mayor, etc.*, 104 N. Y. 1; *Otten* v. *M. Ry. Co.*, 150 N. Y. 395; *E. R. R. Co.* v. *Steward*, 170 N. Y. 172; *Ostrom* v. *Greene*, 161 N. Y. 353; *Sawyer* v. *Hoag*, 17 Wall. 610; *Manhattan Co.* v. *Phillips*, 109 N. Y. 383; *Maginn* v. *Lawrence*, 13 J. & S. 235; *Lineweaver* v. *Slagle*, 64 Md. 465; *M. Nat. Bank* v. *Sirret*, 97 N. Y. 320; *Van Ingen* v. *Whitman*, 62 N. Y. 513.) The Appellate Division erred in treating the application of the directors of the Interborough Company as an original application, instead of in the nature of an application to review the decision of a subordinate tribunal. (*Matter of N. H., etc., R. R. Co.*, 76 Hun, 76; *Matter of K. Q. & S. R. R. Co.*, 6 App. Div. 241; *People ex rel.* v. *R. R. Comrs.*, 53 App. Div. 61; *Matter of A., J. & G. R. R. Co.*, 86 Hun, 578; *People ex rel.* v. *R. R. Comrs.*, 81 App. Div. 242; *Matter of A. & W. Ry. Co.*, 37 App. Div. 162; *Matter of D. & S. W. R. R. Co.*, 92 Hun, 406; *Matter of L. I. R. R. Co.*, 11 App. Div. 233; *People ex rel.* v. *R. R. Comrs.*, 40 App. Div. 559; 160 N. Y. 202; *People ex rel.* v. *R. R. Comrs.*, 75 App. Div. 106.)

*Alton B. Parker* and *George W. Wickersham* for respondents. This appeal, taken as of right, should be dismissed, as the order is not appealable as a matter of right. (*People ex rel. v. R. R. Comrs.*, 160 N. Y. 202; *People ex rel. v. B. H. R. R. Co.*, 172 N. Y. 90; *People ex rel. v. Suprs. of Madison County*, 51 N. Y. 442; *People ex rel. v. York*, 169 N. Y. 452; *People ex rel. v. R. R. Comrs.*, 32 App. Div. 179; 158 N. Y. 711; *People ex rel. v. R. R. Comrs.*, 158 N. Y. 421; *People ex rel. v. Comrs.*, 149 N. Y. 26; *People v. N. Y., L. E. & W. R. R. Co.*, 104 N. Y. 58, 65; *People ex rel. v. Jones*, 112 N. Y. 597, 607; *People ex rel. v. Walter*, 68 N. Y. 403, 408; *People ex rel. v. Bd. of Assessors*, 39 N. Y. 81.) The Appellate Division had, in this proceeding, all the powers of the board of railroad commissioners, and it was its duty to exercise an independent judgment in determining, in its discretion, whether or not a certificate should be issued. (L. 1892, ch. 676; L. 1895, ch. 545; *Matter of Rapid Trans. Comrs.*, 23 App. Div. 472; 44 App. Div. 636.) The second question certified is not reviewable by the Court of Appeals. (Code Civ. Pro. § 190, subd. 2; *De Camp v. Thomson*, 159 N. Y. 444; *Matter of K. C. E. Ry. Co.*, 82 N. Y. 95.)

HAIGHT, J. The Appellate Dvision in allowing the appeal herein has certified two questions to be answered: 1st. "Was there evidence to support the finding of the railroad commissioners of the state of New York, that the New York City Interborough Railway Company was incorporated and had a franchise from the local authorities for the construction of its line?" 2nd. "Did the Appellate Division of the Supreme Court in the first department have the power in its discretion to order said board of railroad commissioners, in this proceeding and upon the record herein, for the reasons stated, to issue a certificate of public convenience and a necessity for routes 1, 2, 3, 4, 6 and 7, applied for?"

It appears from the record in the case that the New York City Interborough Railway Company, which will be hereinafter designated as the Interborough Company, after filing its

certificate of incorporation, applied to the local authorities of the city for their consent to the construction and operation of a surface street railroad in certain streets specified, and that the municipal authorities granted the application in the form of an ordinance passed by the board of aldermen and approved by the mayor. Thereupon that company applied to the state board of railroad commissioners, under section 59 of the Railroad Law, for a certificate of public convenience and necessity, and upon that application the certificate was refused. After such refusal an application was made to the Appellate Division, upon the evidence, papers and maps which were before the railroad commissioners, for an order requiring the commissioners to give such certificate, and that court granted the order prayed for as to certain of the lines embraced in the franchise granted by the local authorities. It is from that order that this appeal is taken.

As to the first question certified, the only criticism made to the validity of the incorporation of the Interborough Company was as to whether the ten per cent of the capital stock subscribed for had been paid in in good faith as required by the statute. The question presented is purely one of fact and under the provisions of the Constitution our jurisdiction is confined to the review of questions of law; therefore, our examination of the evidence is limited to the determination as to whether there is any evidence that supports the finding. For that purpose we have examined the testimony that was given before the railroad commissioners, and have reached the conclusion that there was evidence tending to show that the ten per cent had been paid in in cash and in good faith.

As to the second question the statute expressly provides that the General Term (now the Appellate Division) of the Supreme Court has the power, in its discretion, to order the railroad commissioners to grant a certificate of public convenience and necessity. This question being substantially in the form of the statute, we should have no difficulty in answering it in the affirmative, were it not for the clause " upon the record herein." That clause calls for the determination as to

the correctness of the practice adopted in bringing up the pro-
ceeding for review in the Appellate Division.

Section 59 of the Railroad Law, so far as it is material, pro-
vides as follows: "No railroad corporation hereafter formed
under the laws of this state shall exercise the powers conferred
by law upon such corporations or begin the construction of its
road * * * until the board of railroad commissioners
shall certify * * * that public convenience and a necessity
require the construction of said railroad as proposed in said
articles of association. * * * After a refusal to grant
such certificate the board shall certify a copy of all maps and
papers on file in its office and of the findings of the board when
so requested by the directors aforesaid. Such directors may
thereupon present the same to a general term of the supreme
court of the department within which said road is proposed
in whole or part to be constructed, and said general term
shall have power, in its discretion, to order said board, for
reasons stated, to issue said certificate, and it shall be issued
accordingly."

It must be conceded that the statute is exceedingly meagre
in its provisions as to the practice to be followed, and doubt-
less for that reason most of the proceedings for the review of
the actions of the board of railroad commissioners have been
by certiorari. But we think the legislative intent is suf-
ficiently apparent from the provisions to which we have
referred. It was intended to vest in the General Term (now
Appellate Division) power to review the determination of the
railroad commissioners in case they should refuse the certifi-
cate of public convenience and necessity. (*Matter of New
Hamburgh & P. C. R. R. Co.*, 76 Hun, 76.) For this purpose
the railroad commissioners were required, on the request of
the directors of a railroad company, to certify a copy "of all
maps and papers on file" in their office and of the findings of
the board. It is true that the statute does not in express
terms state that the commissioners shall certify a copy of the
testimony taken before them, but we think that the certifica-
tion of the testimony was implied and intended. The testi-

mony, with the maps and papers on file, together with the findings of the board, furnish a complete record of all the proceedings before the commissioners and enable the Appellate Division to review the determination made thereon. It is also true that the statute has not pointed out the precise practice that should be adopted in bringing the case to a hearing before the Appellate Division, but that court may by rule or otherwise specify the time and notice that shall be given to the parties interested upon which it will entertain the application. In this case the evidence was certified by the railroad commissioners, together with all of the maps and papers before them and a copy of the findings. The record was, therefore, complete, and one upon which the Appellate Division had the jurisdiction to make the order in question.

A motion for the dismissal of the appeal herein was submitted. We have only to say that the order herein was a final order in a special proceeding, and that in the absence of any provisions in the Railroad Law giving a right to appeal to this court, it was reviewable as a matter of right, under section 190 of the Code of Civil Procedure, so far as the questions of law were concerned.

The motion to dismiss the appeal should be denied and the order appealed from affirmed, with costs.

CULLEN, Ch. J., GRAY, O'BRIEN, BARTLETT, VANN and WERNER, JJ., concur.

Order affirmed.