In the Matter of the Application of the ALBANY TRANSIT COMPANY, INC., Petitioner, for a Certiorari Order to Review the Determination of the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent, in Denying the Application for a Certificate of Convenience and Necessity for the Operation of Motor Bus Lines in the City of Albany.

UNITED TRACTION COMPANY and CAPITAL DISTRICT TRANSPORTATION COMPANY, INC., Intervenors.

Third Department, June 27, 1930.

*Charles Irving Oliver*, for the petitioner.

*Charles G. Blakeslee* [*Sherman C. Ward* of counsel], for the Public Service Commission.

*John E. MacLean* [*J. S. Carter* of counsel], for the intervenors.

PER CURIAM. We regard this proceeding as certiorari to review the determination of a subordinate tribunal and not as an original application under section 9 of the Railroad Law (as amd. by Laws of 1928, chap. 546; formerly section 59, as added by Laws of 1892, chap. 676, and amd. by Laws of 1895, chap. 545). The petitioner has interpreted the remedy for itself by adopting the form and practice of certiorari and by failing to adopt the form and practice of an original application by its directors for an order directing the Public Service Commission to issue a certificate of public convenience and necessity, said Commission having refused to grant such certificate upon application made to it. (*Matter of Rochester, Corning, Elmira Traction Co.*, 118 App. Div. 521; *Matter of Wood*, 181 N. Y. 93, 97, affg. 99 App. Div. 334.) By this we are not to be misunderstood as holding that said section 9 of the Railroad Law, permitting the directors of a railroad corporation to initiate such an original proceeding in the Appellate Division, has any application to an omnibus corporation when it has been denied a certificate of public convenience and necessity by the Public Service Commission under section 65 of the Transportation Corporations Law and section 53 of the Public Service Commission Law. The certificate to be obtained from the Commission by such an omnibus line is " similar to the certificate required by the Railroad Law, certifying that ' public convenience and necessity require ' the operation of the proposed route " (*Matter of City of Long Beach* v. *Public Service Commission*, 249 N. Y. 480, 484), but this court should not, in the absence of clear warrant of the statute, assume to exercise in relation to an omnibus corporation the original jurisdiction defined in

said section 9 of the Railroad Law and there applied strictly to railroad corporations. It is a matter that is purely statutory. It does not avail to argue that because this section has been held to apply to street railroads it should now be held to apply to omnibus corporations. Street railroads are railroads and are organized under the Railroad Law, and section 9 of that law (formerly section 59) originally contained at the close of the section the following sentence: "This section shall not apply to street railroads." (Laws of 1892, chap. 676.) As subsequently re-enacted this restriction was removed, leaving no question but that the section applied to street railroads. By no such circumstance or other reasonable intendment can it be said that the Legislature meant to confer upon this court similar jurisdiction as to omnibus corporations. The section is not readily adapted to them. Many of its provisions could have no application whatever. Section 65 of the Transportation Corporations Law fairly suggests the interpretation that the form of the certificate there prescribed shall be similar to that required by section 9 of the Railroad Law, but there is no language of said section 65 which conveys any idea that the Legislature intended to correlate these two sections further.

We have reviewed the action of the Commission in the manner usual in certiorari, in which we are limited to determining whether the action complained of was capricious or arbitrary or otherwise unlawful (*People ex rel. New York & Queens Gas Co.* v. *McCall*, 219 N. Y. 84; affd., 245 U. S. 345; *City of Rochester* v. *Rochester Gas & Electric Corp.*, 233 N. Y. 39), and we find no reason to interfere with the determination.

The determination of the Public Service Commission should be confirmed, with fifty dollars costs and disbursements.

VAN KIRK, P. J., HINMAN, WHITMYER, HILL and HASBROUCK, JJ., concur.

Determination confirmed, with fifty dollars costs and disbursements.