In the Matter of the Application of IDEAL FARMS, INC., Petitioner, for an Order of Prohibition against CHARLES H. BALDWIN and Others, Constituting the Milk Control Board of the Department of Agriculture of the State of New York, and Others, Defendants.

Supreme Court, Albany County, December 28, 1933.

*Charles E. Hardies*, for the petitioner.

*Henry S. Manley* [*Robert G. Blabey*, assistant counsel, with him on the brief], for the defendant Milk Control Board.

*Blumberg & Conley* [*Richard B. Conley* of counsel, in person], for the defendant Little Falls Dairy Company, Inc.

BREWSTER, J. The moving papers show that an action at law to recover a money judgment for the balance of the purchase price of goods, milk, sold, is at issue and pending in the Supreme Court, Herkimer county; that therein defendant here, Little Falls Dairy

Company, Inc., as plaintiff, alleges its sale and delivery of a large quantity of milk to the petitioner and the latter's non-payment therefor; that petitioner's general denial answer therein survived plaintiff's motion for summary judgment made November 20, 1933, whereon it was held that said defendant's (here the petitioner) affidavits established a fair question of fact as to the identity of such plaintiff's lawful debtor; that said defendant, here the petitioner, having there contended Rubin and Markman Dairy Company and/or Samuel Rubin to be the real and only debtors or debtor, the court granted a motion to bring them in as additional parties defendant, although a formal order thereon has not been served, nor is made to appear to have been made or entered.

On December 2, 1933, the Milk Control Board commenced a proceeding by virtue of its authority conferred by subdivision 3 of section 308 of article 25 of the Agriculture and Markets Law (added by Laws of 1933, chap. 158) to determine whether just cause exists for the revocation of the license it had previously issued to petitioner as a milk dealer. Institution of said proceeding was by written notice by the Board to such licensee of the time and place of hearing, of an opportunity to be heard, and of specification or complaints received or charges made.

The motion papers show that in the proceeding thus begun the Milk Control Board proposes to inquire diligently and to investigate thoroughly into the business practices of said licensee and specifically as regards its connection, if any, with the subject-matter of said action pending in Herkimer county, but, for aught that is made satisfactorily to appear, only with the end in view of determining whether just cause, as it is permitted to view it, exists for the revocation of the license. The petitioner claims that the Little Falls Dairy Company, Inc., its adversary in the Supreme Court action, made a complaint to the Milk Board which prompted the latter to start the proceeding sought to be prohibited; and that the Board unlawfully permitted petitioner's adversary, through its counsel, to co-operate and assist in the direction of the Board's hearing, and, in substance, that the Milk Control Board is exceeding or threatens to transcend its jurisdiction by lending its official countenance and power to petitioner's legal adversary.

By the order applied for, petitioner seeks, literally, to prohibit said Board " from any further proceedings in the * * * hearing on the complaint and at the instigation of the Little Falls Dairy Company, Inc.," and from going further with contempt or revocation proceedings. Literally, then, it seems to be sought to prohibit action because of the identity of a party whose complaint precipitated it, or because the original complaint which came from a private

source ulteriorly prompted it. Merely because such complainant to the Milk Board is a litigant in a Supreme Court action surely is no reason why the Board must decline to hear him on a matter which appears to be its expressly charged concern. The Board may proceed under subdivision 3 of section 308 (*supra*) on its own motion. It can only so proceed. It may do so with or without complaint from any member or members of the public. In hearing and investigating to determine cause for revocation of license its very act of beginning confers jurisdiction when due notice has been given. The causal chain back of the commencement to act or the motivation thereof are of no importance as regards the lawful and jurisdictional right to begin. Thus there can be no lawful prohibition of a continuance to act because of means employed to start the proceeding, for jurisdiction exists. This thus seems sufficient to deny petitioner's application if a strict and literal interpretation be made of the show cause order. However, I prefer to base my decision upon a broader ground and to enlarge somewhat over a literal reading of the demand in the order to show cause. It is charged that a *prima facie* showing has been made that, in its continuance to act, the Board is exceeding or threatens to exceed its lawful domain of power, and, by inquiry into a certain matter, to go beyond its jurisdiction and to usurp the powers of the Supreme Court in the Herkimer county action. With this I must disagree. Nothing is presented to show that the Board has done or proposes to do anything other than to investigate, within the limits of its lawful notice, and to thereby determine whether just cause exists to revoke the license it issued. It is not shown that the Board proposes an exercise of any power of the Supreme Court, much less that it intends to decide as a matter of law or fact who the Little Falls Dairy Company's debtor may be. If petitioner does not owe the bill nothing that the Board can or proposes to do will ever oblige it to pay. Regardless of real or substantial fact or legal nicety in the determination as to who the debtor is, the fact remains that petitioner is amenable to this agency of the State, the Board, in all matters pertaining to its business as defined by the various subdivisions of subdivision 3 of section 308 (*supra*). The fact that an issue pertaining to an alleged activity of one phase of petitioner's licensed business has been framed and is pending for trial in the Supreme Court, does not render its general business practices immune from supervision or investigation by a State agency acting by statutory sanction. No " holy ground " is marked by the mere fact of such pending action. It may very well be, or at least it is easily conceivable, that regardless of the assumed validity of its defense in the Supreme Court action,

petitioner's connection with the subject-matter thereof was such as to legally satisfy the Board that just cause exists for the revocation of the license. (See Agriculture & Markets Law, § 308, subd. 3, subds. (c), (e), (g), (h), and (j).) Petitioner's very conduct which may form the premise of plaintiff's claim of liability in the Supreme Court action is not exempted from the Board's jurisdiction to investigate, because its only purpose appears to be to thereby decide, in the interest of public welfare, whether petitioner's license should be revoked. This is distinctly the Board's power. It has not been shown that it attempts to adjudicate private rights or to award remedies as a consequence thereof. It has been argued that the effect of the Board's continuance to act will give petitioner's adversary an unfair advantage at the trial. This is not a sound plea for the extraordinary relief applied for. Moreover, it seems but specious when it is considered that the Supreme Court itself will govern the admission of evidence at the trial in accordance with established rules.

Actual or threatened usurpation of the superior tribunal's jurisdiction must be shown to invoke the issuance of an order of prohibition. (*People* v. *Works*, 7 Wend. 486; *People* v. *Supervisors*, 1 Hill, 195.) Such order may not be considered a " city of refuge " to stop the pursuit of lawful inquiry.

Petitioner's application is denied. Submit order.