Co-Operative Dairymen of Fraser, New York, Inc., Plaintiff, v. Peter G. Ten Eyck, as Commissioner of Agriculture and Markets of the State of New York, Defendant.

Supreme Court, Trial and Special Term, Delaware County, March 16, 1936.

*Willard R. Pratt*, for the plaintiff.

*Henry S. Manley*, for the defendant.

McNAUGHT, J.   The complaint in substance alleges that plaintiff is a membership corporation engaged in selling the milk of its members; that there was duly issued to plaintiff by defendant a milk dealer's license; that certain orders with specified numbers were issued by defendant and his predecessor, the Milk Control Board, prescribing conditions under which, and prices at which, plaintiff was obliged to sell the milk of its members; that defendant, by reason of alleged violations of said orders, threatens to cancel the

plaintiff's license as a milk dealer, and to that end caused to be served a notice of a hearing which has not yet been concluded. It is then further set forth that each of the official orders specified is illegal and void, the substance of the allegation being that such orders were made in violation of the provisions of the Agriculture and Markets Law, were adopted without notice and hearing, deny to plaintiff and its members the right to sell milk under equal conditions with other producers and dealers, are confiscatory, illegal and void, and in violation of the rights of plaintiff under the Constitutions of the United States and of the State of New York; that the enforcement of said orders against the plaintiff denies to plaintiff and its members the equal protection of the law, and confiscates the property of the plaintiff and its members. It is then further alleged that the enforcement of such orders will result in closing the milk station to which the plaintiff delivers the milk of its members, will result in a permanent loss of the present purchaser which is a responsible company, and that " plaintiff and its members will suffer heavy losses which may not be recovered by them in any action, and by reason thereof, the said plaintiff is without any adequate remedy at law." The complaint then demands judgment that the defendant be forever enjoined and restrained from enforcing or attempting to enforce such orders; that the defendant be restrained from canceling the milk dealer's license heretofore issued to the plaintiff, and for a temporary injunction pending the trial and determination of the issues.

The determination of the motions requires consideration of the provisions of the Milk Control Law (Agriculture and Markets Law, art. 21) and the Emergency Milk Control Law (Agriculture and Markets Law, art. 21-A).

Owing to the dire straits to which dairy farmers, producing in the New York milk shed, had been reduced in the year 1932, a legislative committee was authorized to investigate the subject and propose remedies. As a result of such investigation articles 21 and 21-A were adopted as part of the Agriculture and Markets Law, the purpose and design being to prevent bankruptcy of those engaged in the milk industry and to save the agricultural interests of the State and its people. Some of the provisions of the statutes were startling innovations. Acting upon the prevailing theory that by the expansion of the scope of governmental regulation and the submission to administrative bureaus of government, such control would restore prosperity to any enterprise in which citizens were engaged, and especially in this instance the dairy farmer, the enactments were adopted. It is a well-recognized fact that the success of the experiment is questioned by a large percentage of

those engaged in the dairy industry. It is likewise beyond doubt the belief of many affected thereby that as a natural result of vesting in administrative officials the control, management and returns to the industry, there have been many arbitrary, unreasonable and discriminatory acts by enforcement agencies. That the results have not been entirely satisfactory cannot be gainsaid and that there is a vital difference of opinion on the part of those affected as to the desirability of continuing the enactments, is well understood. Articles 21 and 21-A vest in the defendant and his Department vast and unusual powers. The authority granted is in many respects so startling that it violates all former convictions as to what constitutes the proper sphere of government. The defendant is authorized to institute actions to enforce compliance, and may apply for relief by injunction without being compelled to allege or prove in any action he may institute that an adequate remedy at law does not exist. (§ 258-e.)

The plaintiff is an organization composed entirely of farmers producing milk in the vicinity of Fraser in the county of Delaware. For their own protection, for the purpose of disposing of their own product, to the end that they may obtain at least a livelihood, they have formed this plaintiff membership corporation for the purpose of making their own contract to dispose of their own product. Their organization is, therefore, termed by the defendant under the law a milk dealer, and as such required to be licensed. Upon application, a license has been issued to the plaintiff. A proceeding has been instituted by the defendant, through the Division of Milk Control, to cancel such license, it being asserted that the plaintiff has not paid to its members (that is, to themselves) the minimum price fixed by the defendant for milk of the classification which they produce. The plaintiff claims, as to the hearings which have been held, that it is treated in an arbitrary and discriminatory manner; that its objections and its arguments are given no consideration, and that it cannot adequately or fully present its case. The plaintiff thus claims it is threatened with extinction, though satisfied and its members satisfied with plaintiff's contracts for the product of its members. It protests that the hearing is not upon the merits and is a farce; that as it observes the approach of the Department — embracing within itself complainant, prosecutor, judge and jury — it sees the scimitar of death and destruction in its hand, and thus menaced feels itself compelled to seek the protection to be afforded by the exercise of the equity powers of the court. The fears of the plaintiff may be well or ill founded. The result of the hearing now pending may destroy the plaintiff and cause its members to lose their market and to know not where they may turn to dispose of the milk produced by the labor of themselves and their families.

It is not the function of the courts to enact the laws. They emanate only from the legislative branch of government. If within the constitutional power of the legislative branch, the enactments must be enforced. If they are not what the people desire, or what is just and fair to those affected thereby, the conditions can only be changed or remedied by the action of the representatives of the people in the Legislature of the State. The courts can only interpret and apply the law. The motions now before us must be determined solely in accordance with this judicial principle and function.

We address ourselves first to the cross-motion to dismiss the complaint upon the ground it fails to state facts sufficient to constitute a cause of action, inasmuch as the granting of this motion necessarily would render nugatory consideration of plaintiff's motion for an injunction *pendente lite*.

The new-born principles, the vast power vested in the administrative agency as represented by the defendant, and the methods used in proceedings under the statutes, have resulted in numerous litigations over various phases of the law and the proceedings for its enforcement. The law has been held valid and constitutional as to its price-fixing provisions. (*People* v. *Nebbia*, 262 N. Y. 259; affd., *sub nom. Nebbia* v. *People*, 291 U. S. 502.)

The provision as to a differential clause in favor of co-operative associations allowing payment to producers of less than the price fixed, has been held valid and constitutional. (*Matter of Eisenberg Farms, Inc.*, v. *Baldwin*, 265 N. Y. 662.) (See *Matter of Mayflower Farms, Inc.*, v. *Baldwin*, 267 N. Y. 9, at p. 12.)

The differential provisions relative to unadvertised brands was very recently passed upon by the United States Supreme Court in *Borden's Farm Products Co., Inc.*, v. *Ten Eyck* (297 U. S. 251; 56 S. Ct. 453), and held constitutional.

The provisions of section 258-q, allowing dealers in business April 15, 1933, to sell at a price lower than those engaging in the business thereafter, has been held unconstitutional. (*Mayflower Farms, Inc.*, v. *Ten Eyck*, 297 U. S. 266; 56 S. Ct. 457, revg. 267 N. Y. 9.)

Likewise the provisions of subdivision 4 of section 258-m, prohibiting sale within the State of milk produced without the State, purchased at less than the minimum price fixed for similar milk produced within the State, has been held unconstitutional. (*Baldwin* v. *Seelig, Inc.*, 294 U. S. 511.)

The plaintiff seeks to restrain the enforcement of orders fixing the price of milk by the defendant. In view of the fact that the price-fixing provisions of article 21-A have been held constitutional (*People* v. *Nebbia, supra*), it seems to us that the power of the Legislature to vest authority in that respect has been determined.

The method of reviewing price-fixing orders has been prescribed by the statute. (Agriculture and Markets Law; art. 21-A, § 258-m, subd. 3.) Right to review is restricted to " any aggrieved person appearing of record at the hearing either in person or by personal representative and opposing the making of the order." Plaintiff alleges the orders set forth in the complaint were adopted without the notice and hearing prescribed by subdivision 3 of section 258-m, and not being an " aggrieved person " " opposing the making of the order," cannot review such orders by certiorari, and its only remedy is by an action in equity to restrain enforcement.

Plaintiff also seeks to restrain and enjoin the defendant from proceeding with the hearing for the cancellation of its license upon charges of violation of the orders referred to in the complaint. The defendant urges that in this regard the complaint fails to state a cause of action in equity, for two reasons: *First*, that the action is prematurely brought; *second*, that plaintiff has an adequate remedy at law. Whether the orders in question are enforcible against the plaintiff, aside from the question of the unconstitutionality of the provisions authorizing the issuance of such orders, is likewise embraced in the objection that plaintiff has an adequate remedy at law.

It is provided by section 258-d of article 21: " The action of the commissioner in refusing to grant or renew a license, or in revoking or suspending a license, or in conditioning or limiting the granting or renewal of a license, may be reviewed by certiorari in the manner provided by the civil practice act." The provision for a review of the orders fixing prices and handling charges for milk under the provisions of subdivision 3 of section 258-m of article 21-A has been heretofore quoted.

We do not find that the cases reviewing the determination of the Commissioner cover the question before us on this motion. (*Matter of Muller Dairies, Inc.,* v. *Baldwin,* 242 App. Div. 296; *Matter of Eisenberg Farms, Inc.,* v. *Baldwin,* Id. 748; affd., 265 N. Y. 662; *Matter of Coney Island Dairy Prod. Corp.* v. *Baldwin,* 243 App. Div. 178; *Matter of Karsten Dairies, Inc.,* Id. 656; *Matter of Fort Hunter-Tribes Hill Producers Co-Operative Assn., Inc.,* Id. 846; *Matter of Ideal Farms, Inc.,* v. *Baldwin,* 149 Misc. 902; *Matter of Linden Farms Milk & Cream Co., Inc.,* v. *Ten Eyck,* 246 App. Div. ——; *Matter of Crowley's Milk Co., Inc.,* v. *Ten Eyck,* Id. 654.)

The license of the plaintiff has not been revoked; it may not be revoked. It is impossible at this stage of the proceeding to find that the rights of the plaintiff are affected. The action would, therefore, seem to be premature. (*Lang's Creamery, Inc.,* v. *City of Niagara Falls,* 251 N. Y. 343.)

It has been clearly held that if the orders made under the acts in question are not arbitrary fiats, the courts will not interfere, and that one who is dissatisfied with an administrative order made under the acts must utilize the administrative remedy provided for in the statute before resorting to suit for injunction to contest the validity of the orders. (*Hegeman Farms Corp.* v. *Baldwin*, 293 U. S. 163.) The same rule has been enunciated in cases involving analogous provisions of statutes of other States. (*Pacific States Box & Basket Co.* v. *White*, 296 U. S. 176; 56 S. Ct. 159, 163; *Dismuke* v. *United States*, 296 U. S. 554; 56 S. Ct. 400, 403.)

The statute clearly provides a remedy to review the orders of the defendant, whether issued under article 21 or article 21-A. This has been held in numerous cases to furnish an adequate remedy at law, one which the plaintiff is obligated to pursue. It has been held on a review by a writ of certiorari, of an order of the Public Service Commission, that an order of the Commission may be vacated as unreasonable if it is contrary to some provision of the Federal or State Constitution or laws, or if it is based on some mistake of law, or if there is no evidence to support it, or if, having regard for the interests of both the public and the carrier, it is so arbitrary as to be beyond the exercise of a reasonable discretion and judgment. (*People ex rel. N. Y. & Queens Gas Co.* v. *McCall*, 219 N. Y. 84; affd., 245 U. S. 345.)

The rule so enunciated has been applied by the Appellate Division in this Department. (*Matter of Albany Transit Co., Inc.*, 230 App. Div. 132; *Matter of Grade Crossing Elimination Act* [*Altamont*], 234 id. 129; appeal dismissed, 259 N. Y. 564; *New York State Electric & Gas Corp.* v. *Maltbie*, 241 App. Div. 780; affd., 266 N. Y. 521.) It clearly applies in principle to proceedings under the Agriculture and Markets Law.

In the case of *Municipal Gas Co.* v. *Public Service Commission* (225 N. Y. 89), upon which plaintiff relies, the action was brought to restrain the enforcement of a statute fixing the price of gas. The rates were fixed by the statute itself. Here the classification and price of milk is fixed in a proceeding by and before an administrative agency in a manner prescribed by the statute. There is manifestly a clear and definite distinction between the situation here presented and that which existed in the *Municipal Gas Co. Case* (*supra*).

In the case of *Chastleton Corporation* v. *Sinclair* (264 U. S. 543) a bill in equity was brought to restrain enforcement of orders of the Rent Commission of the District of Columbia. The primary question was whether the emergency that justified the rent laws had ended and, secondly, whether the plaintiff who acquired title from

a purchaser at foreclosure sale subsequent to the filing of the order was bound by it. The court held plaintiff was not restricted to an appeal from the order, but might properly bring a bill in equity. The case is not conclusive here. It does not appear whether any right to review by certiorari was provided for in the statute.

An action in equity to restrain a threatened act which is likely to result in injury, only lies when the threatened act violates a legal right and will cause irreparable damage to a complainant who has no adequate remedy at law. (*Thomas* v. *M. M. P. Union*, 121 N. Y. 45; *People* v. *E. G. L. Co.*, 141 id. 232, 237, 238; *Southern Leasing Co.* v. *Ludwig*, 217 id. 100, 104; *Low* v. *Swartwout*, 171 App. Div. 725; *Robinson* v. *Whitaker*, 205 id. 286, 291.)

We are of the opinion it must be held that upon the facts alleged under the provisions of article 21 and article 21-A of the Agriculture and Markets Law, plaintiff is afforded an adequate remedy at law. We are also of the opinion that plaintiff must exhaust its administrative remedies provided for in the statute before resorting to suit. " With the notable expansion of the scope of governmental regulation, and the consequent assertion of violation of constitutional rights, it is increasingly important that when it becomes necessary for the court to deal with the facts relating to particular commercial or industrial conditions, they should be presented concretely with appropriate determinations upon evidence, so that conclusions shall not be reached without adequate factual support." (*Borden's Farm Products Co.* v. *Baldwin*, 293 U. S. 194, 210.) (See, also, *Hegeman Farms Corporation* v. *Baldwin, supra*, at p. 172.)

In the proceeding for revocation of plaintiff's license now pending it is entitled to fully and fairly present its case, raise all questions as to validity of the orders involved and submit its evidence to support the contentions made. It is entitled to a complete record and a fair trial.

If accorded such opportunity the record will afford " adequate factual support " to warrant a complete determination.

Arbitrary lawlessness in the administration and enforcement of the law is unjustifiable from any standpoint. Even administrative agencies of government in days of widespread governmental regulation should not be exempted from an observance and enforcement of principles, provisions and statutes designed to further the fair and equal administration of justice.

We do not refer to many of the cases or the inferences drawn by counsel therefrom which have been presented and referred to in the briefs submitted on these motions, but all have been fully considered by us.

It is unnecessary to discuss the controverted facts in the affidavits submitted on plaintiff's motion, as the decision on the motion to dismiss renders such discussion unnecessary.

The motion of the plaintiff for a temporary injunction is denied. The motion of defendant to dismiss the complaint under rule 106 of the Rules of Civil Practice is granted, upon the ground that the action is prematurely brought, and upon the further ground that the complaint fails to state facts sufficient to constitute a cause of action, the plaintiff having an adequate remedy at law, without prejudice to such other or further action as plaintiff may be advised.

Submit order accordingly, without costs.