THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent, *v.* THE PUBLIC SERVICE COMMISSION for the Second District of the State of New York, Defendant, and THE BUFFALO, NIAGARA FALLS AND ROCHESTER RAILWAY COMPANY et al., Appellants.

Railroads — when certificate of public convenience and necessity becomes effective — ten per cent of capital stock must be paid in before certificate can be granted — rights of existing railroads must be considered upon application for certificate for proposed railroad.

A determination by the board of railroad commissioners under section 59 of the Railroad Law (L. 1890, ch. 565, as amd.), that public convenience and a necessity require the construction of a railroad, is not effective to

158   People ex rel. N. Y. C., etc., Co. v. P. S. Com.   [April,

Statement of case.                        [Vol. 195.

confer any corporate rights upon the applicant until the certificate embodying the decision is filed in the office of the secretary of state, and it is only then that the Statute of Limitations begins to run as to the right to review the determination of the board.

The board of railroad commissioners, in acting under section 59, proceeds judicially and is required to determine, at the outset, whether a corporation applying for a certificate is one *de jure*, by reason of a compliance with what the statute commands as essential to due incorporation. If the ten per cent of the minimum amount of capital stock has not been subscribed, nor paid in good faith and in cash, there has been no legal incorporation and that question the board must determine.

Where no cash appears to have been paid into or received by the railroad company, or by any one for it, in compliance with section 2 of the Railroad Law, which requires an affidavit that ten per cent of the capital stock has been paid in good faith and in cash, the Appellate Division may review the determination of the railroad commission upon that question and find that the affidavit was false, and, for that purpose, where the return includes the proceedings and testimony, that court may look into the evidence and if it finds that it fails to support the determination of the board, may annul such determination. Such decision cannot be reviewed by this court.

A certificate of public convenience and necessity is to be granted a railroad company upon considerations, not alone, bearing upon the convenience of the public, but affecting other transportation companies which are already serving the territory; hence, a transportation company, so interested, is a party aggrieved by the granting of such a certificate, and as such has an interest in the controversy.

*People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Public Service Comm.*, 122 App. Div. 283, affirmed.

(Argued March 22, 1909; decided April 6, 1909.)

Appeal from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 30, 1908, which reversed a determination of the board of railroad commissioners in granting a certificate of public convenience and necessity, under section 59 of the Railroad Law, to the Buffalo, Niagara Falls and Rochester Railway Company.

The Buffalo, Niagara Falls and Rochester Railway Company was incorporated in 1900, for the purpose of building and operating an electric railway from Rochester to Lockport, Niagara Falls and Buffalo, a total distance of 120 miles. After filing the articles of incorporation, application was made

to the state board of railroad commissioners, under section 59 of the Railroad Law, for a certificate, as therein prescribed, " that public convenience and a necessity require the construction of the said railroad as proposed in said articles of association." Hearings were had, at which the relator, the New York Central and Hudson River Railroad Company, and others appeared and opposed the application. On July 15th, 1901, the board of railroad commissioners determined to grant the certificate ; but it was not issued, by delivery to the applicant, until August 14th, 1905, because of its failure to furnish the board with a receipt showing the payment of the organization tax required by statute. On November 1st, 1905, and within four months of the time when the certificate was issued and delivered, this relator applied for, and obtained, a writ of certiorari, directed to the board of railroad commissioners, to review the proceedings. The petition for the writ alleged that the Buffalo, Niagara Falls and Rochester Railway Company was not, at the time of the filing of its certificate of incorporation, a legally organized corporation, in that the " ten per cent. of the minimum amount of capital stock required by law had not been paid in good faith, in cash, to the directors named in the certificate." The return to the writ, after certain formal admissions and denials of the allegations of the relator, set forth, " as a part of this return, all of the proceedings of the Buffalo, Niagara Falls and Rochester Railway Company, the filing of its articles of incorporation and other preliminary proceedings required by statute, and all of the testimony taken upon the hearing before the Railroad Commissioners and all of the exhibits in connection therewith." The Appellate Division reversed and annulled the determination of the board of railroad commissioners, " upon the ground that we determine, upon the law and the facts, that the said Buffalo, Niagara Falls and Rochester Railway Company had not, at the time of the filing of its certificate of incorporation, paid at least ten per cent. of the minimum amount of capital stock authorized by law and in good faith and in cash, to the directors as required by the Railroad

Law." From this order of the Appellate Division, the Buffalo, Niagara Falls and Rochester Railway Company and its receiver, who had been meanwhile appointed, appealed to this court.

*James M. E. O'Grady, Harlan W. Rippey, John A. Barhite* and *Horace G. Pierce* for appellants. The writ was not applied for, granted or served within four calendar months after the determination of the board of railroad commissioners became final and binding upon the relator. (*People ex rel. Stewart* v. *R. R. Comm.*, 160 N. Y. 202; *Jordan* v. *Board of Education*, 14 Misc. Rep. 119; *People ex rel. Traphagen* v. *King*, 13 App. Div. 400; *People ex rel. Cook* v. *Hildreth*, 126 N. Y. 360; *L. S. & M. S. R. Co.* v. *Roach*, 80 N. Y. 339; *Meade* v. *Stratton*, 87 N. Y. 493; *Schlegel* v. *A. B. Co.*, 12 Abb. [N. C.] 280; *People ex rel. T. T. S. R. R. Co.* v. *Comm.*, 95 N. Y. 554; *People ex rel. Perry* v. *Stark*, 22 N. Y. S. R. 531.) The relator is not a party aggrieved by the action of the board of railroad commissioners in granting the certificate, and the return to that effect is conclusive and the writ must be dismissed. (*People ex rel. Lester* v. *Eno*, 176 N. Y. 513; *People ex rel. D. & H. R. R. Co.* v. *R. R. Comrs.*, 126 App. Div. 492; *People ex rel. T. R. R. Co.* v. *R. R. Comrs.*, 53 App. Div. 61; 164 N. Y. 572; *People ex rel. Blakeslee* v. *Comrs.*, 135 N. Y. 447; *People ex rel. Healy* v. *Fire Comrs.*, 27 App. Div. 530; *People* v. *Mayor, etc.*, 3 Barb. 43.). The board of railroad commissioners could not assume to exercise, nor can this court accord to it, powers not expressly granted to it by the legislature. The certificate of incorporation complied in all respects with the requirements of section 2 of the Railroad Law, the corporate powers of the defendant railway company had been exercised under it prior to the application to the board for its certificate under section 59, and as to the facts therein stated the certificate was conclusive. (*People ex rel. N. Y., N. H. & H. R. R. Co.* v. *R. R. Comrs.*, 92 App. Div. 126; 76 App. Div. 302; *People ex rel. Stewart* v. *Comrs.*, 160 N. Y. 202;

1909.]   People ex rel. N. Y. C., etc., Co. *v.* P. S. Com.   161

N. Y. Rep.]                    Points of counsel.

*Raisbeck* v. *Oesterricher,* 4 Abb. [N. C.] 444; *Eaton* v. *Aspinwall,* 19 N. Y. 121; *W. T. Co.* v. *Schen,* 19 N. Y. 408; *O. S. Factory* v. *Dilloway,* 21 N. Y. 447; *U. S. Co.* v. *City of Buffalo,* 82 N. Y. 351; *Jessup* v. *Carnagie,* 80 N. Y. 441; *Mc Williams* v. *Jewett,* 14 Misc. Rep. 491; *B. & A. R. R. Co.* v. *Cary,* 26 N. Y. 75.) The board of railroad commissioners had no power to determine whether the provisions of section 2 of the Railroad Law had been complied with, for the effect of their decision thereon would be to continue or blot out the life of a corporation, existing by virtue of the sovereign power of the state, and the state itself only can insist upon a forfeiture, and it was likewise error for the Appellate Division to pass upon that question in this proceeding. (*Wallace* v. *Walsh,* 125 N. Y. 26 ; *Denike* v. *N. Y. & R. L. Co.,* 80 N. Y. 599; *Matter of N. Y. El. R. R. Co.,* 70 N. Y. 38; *Pennoyer* v. *Neff,* 95 U. S. 714 ; *N. Y. C. Co.* v. *Mayor, etc.,* 104 N. Y. 1, 30, 43; *B., etc.,* v. *R. Co.,* 72 N. Y. 245; *People* v. *B. S. & C. Co.,* 131 N. Y. 140 ; *People* v. *Ballard,* 134 N. Y. 269; *People* v. *B. R. Co.,* 29 N. Y. S. R. 343; *Raisbeck* v. *Oesterricher,* 4 Abb. [N. C.] 444.) Assuming that the board of railroad commissioners had power to try and determine the question as to whether the ten per cent required by law had been paid in in cash, the Appellate Division had no power to reverse the determination of the board of railroad commissioners upon the facts because the question was one of law only. (*Hirshfeld* v. *Fitzgerald,* 157 N. Y. 166 ; *Westerfield* v. *Rogers,* 174 N. Y. 230 ; *People ex rel. M. Ry. Co.* v. *Barker,* 165 N. Y. 305 ; *Buffalo, etc., Sand Co.* v. *B. L. & I. Co.,* 165 N. Y. 253 ; *Demarest* v. *Flack,* 128 N. Y. 205 ; *Matter of Wood,* 99 App. Div. 334; 181 N. Y. 93 ; *Thorpe* v. *Woodhull,* 1 Sandf. 417 ; *Downey* v. *Hicks,* 55 How. [U. S.] 240 ; *Met. Nat. Bank* v. *Sirret,* 97 N. Y. 320 ; *Matter of S. I. R. T. Co.,* 38 Hun, 381; 101 N. Y. 636.)

*Daniel M. Beach* for respondent. The writ was granted and issued in time. (*Matter of K., Q. & S. R. R. Co.,* 6

11

162   People ex rel. N. Y. C., etc., Co. *v.* P. S. Com.   [April,

Opinion of the Court, per Gray, J.          [Vol. 195.

App. Div. 241 ; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *B. & W. E. R. Co.*, 96 App. Div. 71 ; *People ex rel. D. R. Co.* v. *Comrs.*, 4 App. Div. 259 ; *People ex rel. Stewart* v. *R. R. Comrs.*, 40 App. Div. 559 ; 160 N. Y. 202.) The relator was a party aggrieved by the issuing of the certificate under section 59, and was entitled to bring this proceeding. (*People ex rel. Stewart* v. *R. R. Comrs.*, 160 N. Y. 202 ; *Matter of Wood*, 99 App. Div. 334 ; 181 N. Y. 93 ; *People ex rel. B. & H. R. R. Co.* v. *P. S. Comm.*, 127 App. Div. 480 ; *People ex rel. N. Y. City & W. R. R. Co.* v. *R. R. Comrs.*, 81 App. Div. 237 ; *Matter of K., Q. & S. R. R. Co.*, 6 App. Div. 241.) It was within the power and duty of the board of railroad commissioners to take evidence and pass upon the question as to whether the corporation which applied to it was a valid one and among other things to take evidence of the payment of the ten per cent required by the Railroad Law. (*People. ex rel. B. & H. R. R. Co.* v. *P. S. Comm.*, 127 App. Div. 480 ; *People ex rel. Stewart* v. *R. R. Comrs.*, 160 N. Y. 202 ; *Matter of Wood*, 99 App. Div. 334 ; 181 N. Y. 93 ; *People ex rel. E. R. R. Co.* v. *Comrs.*, 105 App. Div. 273 ; *Matter of K. , Q. & S. R. R. Co.*, 6 App. Div. 241 ; *People ex rel. N. Y., N. H. & H. R. R. Co.* v. *R. R. Comrs.*, 76 App. Div. 302 ; *Farnham* v. *Benedict*, 107 N. Y. 159 ; *Muhlenbeck* v. *B. N. S. R. R. Co.*, 26 Misc. Rep. 136.) Appellants' contention that the railroad commissioners in determining the questions before them exercised discretion and that the Appellate Division cannot reverse their decision is untenable. (*People ex rel. Stewart* v. *R. R. Comrs.*, 160 N. Y. 202 ; *People ex rel. Loughran* v. *R. R. Comrs.*, 158 N. Y. 421.)

Gray, J. The appellant insists that the relator did not sue out the writ of certiorari within the time prescribed by law. Section 2125 of the Code of Civil Procedure provides that the writ " must be granted and served, within four calendar months after the determination to be reviewed becomes final and binding, upon the relator." The certificate of the board was announced and was dated as of July 15th, 1901 ; but it was

not delivered to the appellant until August 14th, 1905.   The argument is that, within the meaning of the statute, a determination was made when the board decided that public convenience and a necessity required the construction of the road and that the time, within which the writ might be granted, commenced to run then.   Included with the return is an extract from the minutes of a meeting of the railroad commissioners on August 14th, 1905, in which it is stated that the certificate, which was granted " but which was not issued owing to the company having failed to pay the organization tax, was to-day issued and delivered   *   *   *   there having been filed with the Board a receipt from the State Comptroller and State Treasurer showing that the organization tax of the company had been paid."   Section 180 of the General Tax Law (L. 1896, ch. 908, as amended) provides for the payment of an organization tax by every stock corporation and forbids the filing by the secretary of state, or county clerk, of any certificate of incorporation, until he has been furnished with a receipt for the tax from the state treasurer ; except in the case of a railroad corporation.   A railroad corporation need not pay such a tax at the time of filing its certificate of incorporation ; but, (the section provides), that the certificate required by the Railroad Law, authorizing the construction of the road, " shall not be granted by the Board of Railroad Commissioners until it is furnished with a receipt for such tax from the State Treasurer."   In refusing, therefore, to grant, that is to deliver, the certificate, under section 59 of the Railroad Law, (L. 1890, ch. 565, as amended), the board obeyed the mandate of the statute and it should be quite evident that there could be no determination, which was " final and binding upon the relator," until it was evidenced by the granting of the certificate to the applicant and by the filing of it in the office of the secretary of state.   Until that was done, the construction of the railroad could not be begun. (Section 59.)   Prior to the granting of the certificate for the purpose of so filing it, the finality of the determination reached

by the board was subject to its being satisfied by proof, as prescribed by the statute, of compliance by the applicant with the requirement of a preliminary payment of the organization tax. The decision of the tribunal was not effective to confer any corporate rights upon the applicant, until the certificate embodying it was filed. Then, only, was the relator bound and then the Statute of Limitations commenced to run as to the right to review the determination of the board. Until the certificate was delivered to the applicant, it was not granted and, prior thereto, it was always within the power of the board to annul its determination. The objection of the appellant upon this ground is quite untenable.

As to the merits of the case, it is argued for the appellant that the board of railroad commissioners had no power to determine whether the corporation had complied with the provisions of the second section of the Railroad Law. The basis of the argument need not be considered ; for the statute and the authorities do not support any such contention. The section provides that the filing of every certificate of incorporation, where the amount of stock required by this section has not been in good faith subscribed and paid in cash, shall be void. The fact of this preliminary payment is made an essential one and it affects the lawfulness of any corporate undertaking. The board, in acting under section 59, proceeds judicially and is required to determine, at the outset, whether the corporation is one *de jure*, by reason of a compliance with what the statute commands as essential to due incorporation. If the ten per cent. of the minimum amount of capital stock has not been subscribed, nor paid in good faith and in cash, there has been no legal incorporation and that question the board must determine. Being a judicial one, the right to review it by a writ of certiorari is accorded by law. (See *People ex rel. Steward* v. *R. R. Comrs.*, 160 N. Y. 202 ; *People ex rel. Bath & H. R. R. Co.* v. *Pub. Serv. Commission*, 127 App. Div. 480 ; affd., 194 N. Y. 543.)

In the second place, the appellant argues that the Appellate Division had no power to review the determination of the

board, upon the question of the payment of the ten per cent.
required by the statute, as it was not one of fact.   That it is,
generally, a question of fact is evident, (*Matter of Wood*, 181
N. Y. 93), and it could only be regarded as one, purely, of law,
if there was no conflict in the evidence upon the subject; or if
the evidence permitted but the one inference of a payment of
the ten per cent. having been made, as required by the statute,
*in good faith and in cash.*   The Appellate Division could
not create a question, of fact, by assuming to reverse upon
the facts, and this court may look into the evidence for the
purpose of seeing whether it does permit of differing infer-
ences.   The evidence in this record, clearly, permits of a
different conclusion from that reached by the board.   It per-
mits the inference that the transaction, through which the ten
per cent. of the capital stock was attempted to be paid, upon
filing the articles of incorporation, was a transparent device
for the evasion of the provisions of the statute.   Without
spreading out the testimony, it suffices to say that, within
twenty minutes during the day, when the money was claimed to
have been paid to the directors, at a certain bank in Rochester,
four persons produced their demand note for $125,000, to be
discounted; a check for that amount was drawn by the makers
of the note to the order of three directors of the railroad
company; the check was indorsed by them to the order of
one Tone, who handed it back to the bank in payment of the
note.   No cash appears to have been paid into, or to have
been received by, the company, or to have been received by
any one for it.   It was quite permissible to find that the
affidavit, as to the payment in good faith and in cash of the
ten per cent., attached to the articles of incorporation, was
false.

Nor was the court precluded from looking into the evi-
dence by the statement in the return to the writ, with
respect to the payment of the ten per cent. having been made
as required by the statute.   If the return had not included,
as a part thereof, all of the proceedings and testimony, had
and taken before the railroad commissioners, the argument

might have some force, that the statements of the return must be taken as conclusive. With all the evidence incorporated, as a part of it, the Appellate Division was not confined in its review to the mere allegations in the return. That court could examine the evidence and finding, as it did, that it failed to support the determination of the board, could annul it. There being a question of fact upon the evidence, it is beyond the jurisdiction of this court to review that decision.

It is also insisted by the appellant that the relator was not a party aggrieved by the action of the board of railroad commissioners. That was a question for the board and the Appellate Division to consider. It turned upon the facts relating to the relator's situation, as affected by the proposed railroad construction. The relator showed that it would be affected, inasmuch as it owned other roads more or less paralleling the proposed road and serving the same territory. It appeared at the hearings and was allowed to take part in the proceedings by the tribunal, as having an interest in the controversy. The certificate of public convenience and necessity is to be granted upon considerations, not alone, bearing upon the convenience of the public, but affecting the other transportation companies, which are already serving the territory. They have the right to be considered and to be protected, where there is no necessity for a wider public service, against the designs of persons more interested in forcing terms from them, than in subserving the public convenience. Certainly the rights of shareholders in the existing roads demand fair consideration.

No other question presented by the appellant requires discussion by us and I advise the affirmance of the order appealed from.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN, WERNER and HISCOCK, JJ., concur.

Order affirmed, with costs.