A. B. and C. Motor Transportation Company, Inc., & others *vs.* Department of Public Utilities.

Suffolk.   May 8, 1951. — June 29, 1951.

Present: Qua, C.J., Lummus, Wilkins, Spalding, & Williams, JJ.

*Public Utilities.   Carrier, Of goods.   Words, "Party . . . aggrieved."*

A competing carrier opposing before the director of the division of commercial motor vehicles in the department of public utilities an application for transfers of certificates of public convenience and necessity held by another carrier was a "party . . . aggrieved by" an order of the director allowing the transfers within the meaning of those words in an order of the commission providing for appeals to it by such parties from orders of the director.

Bill in equity, filed in the Supreme Judicial Court for the county of Suffolk on August 30, 1950.

The suit was reserved and reported by *Spalding,* J., without decision.

*J. J. Weinstein,* for the plaintiffs.

*D. H. Stuart,* Assistant Attorney General, for the defendant.

Lummus, J.   William C. Barry, Inc., held three certificates of public convenience and necessity under G. L. (Ter. Ed.) c. 159B, authorizing the carriage of property for hire in Massachusetts.   In June, 1949, William C. Barry, Inc., reduced its business to very small. proportions, and on February 14, 1950, filed applications for the transfers and assignments of its three certificates to three separate transferees, as provided in G. L. (Ter. Ed.) c. 159B, § 11, as it appears in the revision of that chapter made by St. 1938, c. 483, § 1, as amended by St. 1941, c. 483, § 3, St. 1945, c. 644, § 2, and St. 1948, c. 616.   See also St. 1950, c. 186.   By G. L. (Ter. Ed.) c. 25, § 12F, inserted by St. 1935, c. 401, § 1, and amended, a commercial motor vehicle division, under the charge of a director, was established in the depart-

ment of public utilities, under the general supervision and control of the commissioners of public utilities. A hearing was held on March 3, 1950, before the director, at which various competing carriers appeared in opposition to the transfers. The director entered an order permitting the transfers.

A right of appeal from the director to the commission is given by an order of the commission made in 1942, under said § 12F, to "Any party in interest aggrieved by any order of the Director of the Commercial Motor Vehicle Division." The competing carriers which oppose the transfers have filed such an appeal.

By a majority decision, the commission held that the competing carriers were not parties "aggrieved," and dismissed their appeal. The competing carriers, on August 30, 1950, filed their bill of complaint in this court to have set aside the order dismissing their appeal and to have their appeal allowed. Such a bill was within the jurisdiction of this court in equity under G. L. (Ter. Ed.) c. 25, § 5. A reservation and report by a single justice, without decision, brings the case here.

The defendant relies upon *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston,* 324 Mass. 427, where it was held that one restaurant proprietor in a zoned district could not object to the granting of a variance to another, thereby increasing competition. As the court said at pages 429–430, "It was no part of the purpose of the zoning regulations to protect business from competition." The case of *Colantuoni* v. *Selectmen of Belmont,* 326 Mass. 778, 779, is similar. On the other hand, the granting or the transfer of a certificate of convenience and necessity to a carrier must be considered with reference, among other things, to the facilities already afforded by competing carriers and to the effect of further competition upon them and the public. In a number of cases in Massachusetts it has been held that a licensed carrier of passengers may restrain competition by an unlicensed carrier. *New York, New Haven & Hartford Railroad* v. *Deister,* 253 Mass. 178. *Boston & Maine Railroad*

v. *Cate,* 254 Mass. 248.    *Boston & Maine Railroad* v. *Hart,* 254 Mass. 253.    *Short Line, Inc.* v. *Quinn,* 298 Mass. 360. A supplier of paper containers for milk has been held aggrieved by an order adding one cent to the price of milk sold therein and thus interfering with the marketing of its products.    *American Can Co. of Massachusetts* v. *Milk Control Board,* 313 Mass. 156.

Elsewhere there are many cases holding that the granting or transfer to one public service corporation of a certificate enabling it to do business makes existing competing corporations parties "aggrieved."    *The Chicago Junction Case,* 264 U. S. 258.    *Claiborne-Annapolis Ferry Co.* v. *United States,* 285 U. S. 382.    *Federal Communications Commission* v. *Sanders Brothers Radio Station,* 309 U. S. 470.    *Alton Railroad* v. *United States,* 315 U. S. 15.    *Federal Communications Commission* v. *National Broadcasting Co. Inc.* 319 U. S. 239.    *Ashbacker Radio Corp.* v. *Federal Communications Commission,* 326 U. S. 327.    *United States Cane Sugar Refiners' Association* v. *McNutt,* 138 Fed. (2d) 116, 119.    *People* v. *Public Service Commission,* 195 N. Y. 157, 166.    *People* v. *Willcox,* 207 N. Y. 86, 95–96.    *Corporation Commission* v. *Southern Pacific Co.* 67 Ariz. 87.    *Kirkby* v. *Public Service Commission,* 320 Mich. 608.    *State* v. *Public Service Commission,* 239 Mo. App. 198.

We think that the order dismissing the appeal must be annulled.

*So ordered.*