A. B. and C. Motor Transportation Company, Inc. & others *vs.* Department of Public Utilities.

Suffolk.    December 1, 1952. — January 30, 1953.

Present: Qua, C.J., Lummus, Ronan, Williams, & Counihan, JJ.

*Public Utilities. Carrier*, Of goods. *Equity Pleading and Practice*, Review of order of department of public utilities, Question of law or fact.

In a suit in equity under G. L. (Ter. Ed.) c. 25, § 5, for review of an order of the department of public utilities approving a transfer of certificates of public convenience and necessity held by a carrier of property, the question whether a finding made by the department was warranted by the evidence before it was a question of law for the court. [721–722]

Evidence that a carrier of property conducting substantial operations with a large number of trucks and holding certificates of public convenience and necessity for two extensive regular routes and for unrestricted irregular route operations throughout the Commonwealth disposed of all its trucks and equipment except one small truck and thereafter did at most only "fragmentary and occasional" business did not warrant an implied finding, made by the department of public utilities in approving a transfer by the carrier of the three certificates to three separate transferees under G. L. (Ter. Ed.) c. 159B, § 11, that

there was business sold in good faith to the transferees with which the transfer of the certificates was connected within the provision inserted in § 11 by St. 1948, c. 616, § 1; and the order approving the transfer must be annulled on review. [722]

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on November 30, 1951, for review of an order of the defendant.

Following an interlocutory decree overruling a demurrer to the bill entered by order of *Wilkins*, J., and a hearing on the merits by him, a final decree annulling the order was entered. The defendant appealed.

*David H. Stuart*, Assistant Attorney General, for the defendant.

*James J. Weinstein*, for the plaintiffs.

LUMMUS, J. This is a bill in equity under G. L. (Ter. Ed.) c. 25, § 5, brought by five corporate carriers of property by motor vehicle in this Commonwealth, competitors of William C. Barry, Inc., to review the order of the defendant department whereby the defendant approved the transfer by William C. Barry, Inc., to three separate transferees of three certificates of public convenience and necessity held by William C. Barry, Inc. The bill alleges that William C. Barry, Inc., was out of business before the assailed transfer was approved. It has already been determined that the plaintiffs as competing carriers are parties aggrieved entitled to contend that the approval is unlawful. *A. B. & C. Motor Transportation Co. Inc.* v. *Department of Public Utilities*, 327 Mass. 550.

General Laws (Ter. Ed.) c. 159B, § 11, now contains a provision inserted by St. 1948, c. 616, § 1, and carried on by St. 1950, c. 186, by which the general power of the department to approve and consent to the transfer of a certificate, permit or license is subject to the limitation that "no certificate and no permit shall be transferred except in connection with the bona fide sale to the transferee of the business of the transferor." The decisive question in the present case is whether, after November, 1949, William C. Barry, Inc., had any business as a carrier which could be

329 Mass. 719                                                        721

A. B. & C. Motor Transportation Co. Inc. *v.* Department of Public Utilities.

sold "bona fide" and in connection with which the certificates could be transferred.

The department found that William C. Barry, Inc., held three certificates authorizing the carriage of property for hire, one for a regular route between Boston and Greenfield, another for a regular route between Boston and Worcester, and a third for unrestricted irregular route operations throughout the Commonwealth. Prior to June, 1949, it conducted extensive operations using thirty-five trucks. In that month the principal owner of that corporation was ordered by his physician to retire from active business. Accordingly that corporation sold all its trucks and equipment except one small old truck, and thereafter "if it did any business under these certificates between November, 1949, and March, 1950 [or afterwards], it was only fragmentary and occasional in nature." Upon the foregoing facts, the department ruled that there was some "business" which bona fide could be sold, and that it did not matter whether the business was substantial or not. The department stated that "so long as the certificates are outstanding and so long as there is no determination that the carrier had abandoned them, we believe that the certificate holder may be presumed still to be in business and testimony that his business is negligible is immaterial upon an application for transfer of the certificate." By implication at least the department found that there was "a proposed bona fide sale of the business of the transferor."

It is provided in G. L. (Ter. Ed.) c. 25, § 5, that "The supreme judicial court shall have jurisdiction in equity to review, modify, amend or annul any ruling or order of the commission [that is, the department of public utilities] . . . but only to the extent of the unlawfulness of such ruling or order. . . . The burden of proof shall be upon the party adverse to the commission to show that its order is invalid." In a case like this, findings of fact made by the department cannot be judicially reviewed. *Boston & Albany Railroad* v. *Department of Public Utilities*, 314 Mass. 634, 636. *Lowell*

*Gas Light Co.* v. *Department of Public Utilities,* 319 Mass. 46, 47. *Lowell Gas Co.* v. *Department of Public Utilities,* 324 Mass. 80, 84–85. *Malden* v. *Metropolitan Transit Authority,* 328 Mass. 491, 495. But in this connection as in many other places in the law it is error of law, and not merely error of fact, to make a finding which is not warranted by the evidence. *Interstate Commerce Commission* v. *Louisville & Nashville Railroad,* 227 U. S. 88, 92. *Mayor of Everett* v. *Superior Court,* 324 Mass. 144, 146.

The single justice was right in ruling that the absence of a "business" in the assignor could be shown otherwise than as provided in G. L. (Ter. Ed.) c. 159B, § 3 (c), and the correctness of that ruling is conceded by the department in its brief. He was right also in ruling that such business as could be conducted with an old one-ton truck could not support an approval of a transfer of three certificates for three long and extensive routes that obviously would require much more equipment. He correctly stated that "any implied finding that there was a business sold in good faith to each of the three separate and distinct buyers by the transferor was not warranted by the evidence" before the department. He was right in overruling the demurrer to the bill and in annulling the order of the department.

The interlocutory decree overruling the demurrer and the final decree annulling the order of the department dated September 14, 1951, are affirmed.

*So ordered.*