NATICK TRUST COMPANY & another *vs.* BOARD OF BANK INCORPORATION & another.

Suffolk. May 5, 1958. — June 2, 1958.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*State Administrative Procedure Act. Trust Company,* Branch office. *Board of Bank Incorporation. Administrative Matter.*

A decision by the board of bank incorporation under G. L. c. 172, §45, as appearing in St. 1946, c. 87, § 2, granting an application by a trust company whose main office was in a city for leave to establish and operate a branch office in a town in the same county in which, the board found, the banking facilities were inadequate for the public convenience was not made in an "adjudicatory proceeding" and was not reviewable under § 14 of the State administrative procedure act, G. L. c. 30A; nor, irrespective of the form of judicial review, could such decision be successfully attacked on the merits since it was an administrative decision.

PETITION, filed in the Superior Court on September 10, 1957.

The case was heard by *O'Connell,* J.

*Stanley S. Ganz, (Harry H. Ham, Jr.,* with him,) for Natick Trust Company.

*John L. Casaly,* for Natick Five Cents Savings Bank, intervener.

*John P. Clair & Edward F. Mahony,* Assistant Attorney General, for Board of Bank Incorporation.

*Timothy J. Donovan,* for Guaranty Trust Company of Waltham, intervener.

WILKINS, C.J. This petition is purportedly brought under the State administrative procedure act. G. L.

c. 30A. Review is sought of a decision of the respondent board of bank incorporation, G. L. (Ter. Ed.) c. 26, § 5,[1] granting an application of Guaranty Trust Company of Waltham to establish and operate a branch office in Natick. G. L. c. 172, § 45 (as amended through St. 1946, c. 87, § 2).[2] Not named a party in the petition, Guaranty Trust Company of Waltham filed in the Superior Court a "notice of intervention."[3] Natick Five Cents Savings Bank filed a "notice of intervention"[3] by leave. From a final decree affirming the decision of the board, and dismissing the petition for review, the petitioner Natick Trust Company and the intervener Natick Five Cents Savings Bank appealed.

The case does not fall within the provisions of the State administrative procedure act. General Laws c. 30A, § 14, states: "Except so far as any provision of law expressly precludes judicial review, any person or appointing authority aggrieved by a final decision of any agency in an adjudicatory proceeding, whether such decision is affirmative or negative in form, shall be entitled to a judicial review thereof . . . ." The act provides its own definitions. " 'Adjudicatory proceeding' means a proceeding before an agency in which the legal rights, duties or privileges of specifically named persons are required by constitutional right or by any provision of the General Laws to be determined after opportunity for an agency hearing . . . ." § 1 (1). " 'Agency' includes any department, board, commission, division or authority of the state government, or subdivision of any of the foregoing, or official of the state government, authorized by law to make regulations or to conduct adjudicatory proceedings . . . ." § 1 (2).

---

[1] "There shall be a board of bank incorporation serving in the division [of banks and loan agencies], consisting of the state treasurer, the commissioner of banks and the commissioner of corporations and taxation."

[2] "Any such corporation [trust company] may, with the approval of the board of bank incorporation, establish and operate one or more branch offices in the town where its main office is located, or in any other town within the same county having no commercial banking facilities or having banking facilities which, in the opinion of said board, are inadequate for the public convenience."

[3] While the "notices" do not so state, Guaranty Trust Company of Waltham has in effect intervened as a party respondent, and Natick Five Cents Savings Bank has in effect intervened as a party petitioner.

We pass by any issue whether the appellants are persons aggrieved. See *A. B. & C. Motor Transp. Co. Inc.* v. *Department of Pub. Util.* 327 Mass. 550; *S. C.* 329 Mass. 719; *Delaware Co. Natl. Bank* v. *Campbell,* 378 Pa. 311. The respondent board we shall assume to be an agency. There was, however, no adjudicatory proceeding. No statute required the board to give a hearing, and the petitioner and the intervening petitioner had no constitutional right to one. *Clarke* v. *Board of Collegiate Authy.* 327 Mass. 279. *Hayeck* v. *Metropolitan Dist. Commn.* 335 Mass. 372, 374-375. *Albert* v. *Public Serv. Commn. of Md.* 209 Md. 27. See *Federal Radio Commn.* v. *General Elec. Co.* 281 U. S. 464, 467. By G. L. c. 172, § 45, approval could be given to the establishment and operation of a branch office in Natick if that "other town within the same county" of Middlesex had "banking facilities which, in the opinion of said board, are inadequate for the public convenience." The board so found in terms. This was a political question, one of governmental policy peculiarly for the determination of an administrative department. The statute makes the board the sole arbiter of the existence of such inadequacy. The finality given to its "opinion" is a sufficient distinction of *A. B. & C. Motor Transp. Co. Inc.* v. *Department of Pub. Util.* 327 Mass. 550; *S. C.* 329 Mass. 719. We cannot consider the quantum of evidence or various supposed inconsistencies in the decision, which clearly states the general conclusion of the inadequacy of banking facilities for the public convenience. No hearing being required, the board could satisfy itself on that issue in any way it might.

Notwithstanding the mistaken remedy, we have given the same consideration as if the decision had been brought here upon a petition for a writ of certiorari. Irrespective of procedure, the appellants cannot prevail on the merits.

The final decree is to be modified by striking out the affirmance of the decision of the board, and, as so modified, it is affirmed.

*So ordered.*