ALBERT J. DESMARAIS *vs.* DEPARTMENT OF PUBLIC UTILITIES. April 2, 1973. This is a petition for appeal under G. L. c. 25, § 5, challenging the action of the Department of Public Utilities (Department) in allowing an amendment to the irregular route common carrier certificate issued to one Hood, doing business as Hood's Garage. The amended certificate permits Hood to increase the radius within which he may conduct a motor vehicle towing business to include any place within the Commonwealth (except on Nantucket and Martha's Vineyard). The petitioner and Hood operate competing motor vehicle repair businesses in Bellingham. Under G. L. c. 159B, § 3, as appearing in St. 1938, c. 483, § 1, a certificate of the type sought by Hood may be issued to a common carrier by motor vehicle if, among other things, "the proposed service . . . is or will be required by the present or future public convenience and necessity." At a hearing in the commercial motor vehicle division (division) of the Department there was evidence that the existing towing service in the vicinity of Bellingham was insufficient to meet the reasonable needs of the public and that in specific instances the petitioner had failed to provide timely service. The director of the division issued a memorandum of decision which found that "the applicant has proved that present or future public convenience requires that the request in [the] amended application be granted." The director made no explicit findings, but reached his conclusion "[a]fter taking all the evidence into consideration," and reciting rather summarily what the testimony was in support of the application. The Department dismissed the petitioner's appeal to it (see G. L. c. 25, § 12F) from the director's decision, stating that "the evidence clearly supports the findings of the Director." The Department treated the recitation of evidence by the director as findings. The petitioner then appealed under G. L. c. 25, § 5. The matter comes to us on a reservation and report, without decision, by the single justice. There was substantial evidence in support of the decision which would have justified a finding of public convenience and necessity as required by G. L. c. 159B, § 3. *Almeida Bus Lines, Inc.* v. *Department of Pub. Util.* 348 Mass. 331, 342. The petitioner objects to the failure of the decision of the division to discuss the adequacy of the petitioner's towing service. However, a decision on a matter of this type need not discuss all of the evidence offered and, in any event, the decision recites that there was evidence that users of towing services in the area had been unable to obtain service. In the context of the decision, the director clearly intended his recitation of evidence as findings of fact, as the Department impliedly ruled on appeal to it. Although the petitioner does not argue that the decision of the director failed to set forth any findings of fact, as opposed to recitations of testimony, we note that even in a proceeding in which (1) the record is not long, (2) there is ample substantial evidence in support of the decision, and (3) the issue is a simple one (involving the amendment of an existing order of an agency), better practice calls for explicit findings of fact by the agency and a statement of reasons for its decision. *Assessors of Lynnfield* v. *New England Oyster House, Inc.* 362 Mass. 696. A decree shall be entered affirming the decision and order of the Department dismissing the petitioner's appeal from the decision and order of the

division allowing Hood's irregular route common carrier certificate to be amended.

*So ordered.*

*Frederick T. O'Sullivan* for the petitioner.

*Charles M. Furcolo,* Assistant Attorney General, for the Department of Public Utilities.