376 Mass. 601                                                           601

Wells Fargo Armored Service Corp. *v.* Deptartment of Public Utilities.

WELLS FARGO ARMORED SERVICE CORPORATION *vs.*
DEPARTMENT OF PUBLIC UTILITIES.

Suffolk. October 3, 1978. — November 9, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & ABRAMS, JJ.

*Public Utilities*, Transfer of certificate by common carrier. *Carrier*, Transfer of certificate.

Evidence that the holder of an irregular route common carrier certificate whose business consisted of one dump truck used to haul gravel and other commodities provided transportation services on eleven occasions between July 2 and August 6, 1975, and on one occasion on January 4, 1976, that he was selling the certificate, the truck, and the business for $17,000, and that the low level of his activity was due to seasonal trends and the state of the construction industry in the county warranted a finding by the Department of Public Utilities that the transfer of his certificate was in connection with the sale to the transferee of a bona fide business of the transferor within the meaning of G. L. c. 159B, § 11. [602–604]

PETITION for review filed in the Supreme Judicial Court for the county of Suffolk on October 26, 1977.

The case was reported by *Kaplan,* J.

*James E. Mahoney* for the plaintiff.

*John F. Hurley,* Assistant Attorney General, for the defendant.

*Santino C. Cornelio* for William C. Carlo (*Rudolph A. Sacco* for Gerard S. Rider, with him).

BRAUCHER, J. William C. Carlo (transferor), pursuant to G. L. c. 159B, § 11, as amended by St. 1969, c. 598, sought the approval of the Department of Public Utilities (department) for the transfer of an irregular route common carrier certificate to Gerard S. Reder (transferee). Over the objection of the plaintiff, a competing carrier, the department granted the approval sought, which re-

quired a finding that the transfer was "in connection with the sale to the transferee of a bona fide business of the transferor." The plaintiff appealed pursuant to G. L. c. 25, § 5, contending that the required finding is not supported by substantial evidence. A single justice of this court reported the case to the full court. We affirm.

The transferor applied to the department for approval on December 11, 1975. After a public hearing on January 20, 1976, the director of the Commercial Motor Vehicle Division (division) issued a decision approving the transfer on March 25, 1976. The plaintiff appealed to the department, and after a public hearing on October 29, 1976, the department on October 6, 1977, affirmed the decision of the division.

The department treated the director's recitation of evidence as findings. See *Desmarais* v. *Department of Pub. Utils.*, 363 Mass. 883 (1973). It also referred to other testimony of the transferor. We summarize his testimony. The transferor's father operated under the certificate for about forty years until his death in November, 1973. At that time the business consisted of one 1966 dump truck used to haul gravel and other commodities. The certificate was transferred to the transferor by his father's administratrix by a department order dated May 10, 1974. He operated the business from his home and sought business from contractors he knew. He presented bills for transportation services provided on eleven occasions between July 2 and August 6, 1975, and on one occasion on January 4, 1976, but did not operate from August 6, 1975, to January 4, 1976. He was selling the certificate, the truck, and the business, including a customer list and good will, for $17,000. Counsel for the plaintiff conceded that the low level of the transferor's activity was due to seasonal trends and the unfortunate state of the construction industry in Berkshire County.

The plaintiff as a competing carrier is an aggrieved party entitled to contend that the department's approval is unlawful. *A.B. & C. Motor Transp. Co.* v. *Department of*

*Pub. Utils.*, 327 Mass. 550, 552 (1951). The required finding must be supported by substantial evidence. G. L. c. 30A, § 14 (7) (*e*). In two cases we have held that findings of a "bona fide sale to the transferee of the business of the transferor" were not warranted by the evidence. *Massachusetts Furniture & Piano Movers Ass'n* v. *Department of Pub. Utils.*, 350 Mass. 563, 567 (1966). *A.B. & C. Motor Transp. Co.* v. *Department of Pub. Utils.*, 329 Mass. 719, 722 (1953). See Weinstein, Sales and Transfer of "Dormant" Carrier Certificates of Public Convenience and Necessity, 38 Mass. L.Q. 73 (No. 1, 1953). Contrast *Retail Stores Delivery, Inc.* v. *Department of Pub. Utils.*, 339 Mass. 441, 448 (1959). The 1969 amendment to G. L. c. 159B, § 11, changed the requirement from "the bona fide sale" of "the business" to "the sale" of "a bona fide business." St. 1969, c. 598. The amended statute emphasizes the legitimacy of the business rather than that of the sale, but we think both sale and business must be genuine under either formulation.

In the *A.B. & C.* case the principal owner of the transferor was ordered by his physician to retire. The transferor sold all its thirty-five trucks and its equipment except one small, old truck, did only fragmentary and occasional business for several months, and then sought approval of the transfer of three certificates for long and extensive routes to three separate and distinct buyers.

In the *Piano Movers* case the transferor was a trustee in bankruptcy, and there was no evidence of any normal business activities during some ten months after the adjudication in bankruptcy. The transferor then engaged in token activities for the two months prior to the filing of the application for approval, receiving gross revenue of $490.88.

We think that the present case is different and that the decision of the department is supported by substantial evidence. There is no dispute that the transferor stood ready in good faith to provide transportation services. He did not sell off his equipment or retire from business. The

business was small from the beginning, and the low level of activity was due to market forces beyond his control. See G. L. c. 159B, § 3(c); *Fisher* v. *Branscum,* 243 Ark. 516, 520-523 (1967); *Transway, Inc.* v. *Louisiana Pub. Serv. Comm'n,* 253 La. 933, 940-941 (1969).

The case is remanded to the county court where judgment is to be entered affirming the decision of the department.

*So ordered.*