BOSTON SAFE DEPOSIT AND TRUST COMPANY, executor, *vs.*
COMMISSIONER OF CORPORATIONS AND TAXATION.

Suffolk.    April 3, 1930. — November 25, 1930.

Present: RUGG, C.J., PIERCE, CARROLL, & FIELD, JJ.

*Tax*, Abatement.  *Commissioner of Corporations and Taxation.*  *Statute,*
Construction.

The commissioner of corporations and taxation, having in good faith
considered on its merits and denied an application under G. L. c. 58,
§ 27, as amended by St. 1926, c. 287, § 1, for abatement of a tax,
cannot be compelled to submit for the approval of the Attorney Gen-
eral a certificate of the character set forth in that statute; distin-
guishing *Attleboro Trust Co.* v. *Commissioner of Corporations & Taxa-
tion*, 257 Mass. 43.

The circumstance that, to the knowledge of the commissioner of corpo-
rations and taxation, a judge of the Superior Court had decided that
a tax, similar to that sought to be abated as above described, was
illegal, does not entitle the taxpayer to have the commissioner com-
pelled to submit such certificate.

PETITION for a writ of mandamus, filed in the Supreme
Judicial Court for the county of Suffolk on December 17,
1929, and described in the opinion.

The case was heard by *Crosby*, J., upon an agreed state-
ment of facts, which stated, as to action by the respondent,
merely that he "denied the petitioner's application for
abatement." Other material facts are stated in the opinion.
The single justice ordered the petition dismissed as a matter
of law and reported the case for determination by the full
court.

*J. Sidney Stone & C. M. Rogerson*, for the petitioner.

*C. F. Lovejoy*, Assistant Attorney General, for the re-
spondent.

RUGG, C.J.  This is a petition for a writ of mandamus
to require the respondent to submit a certificate for the
approval of the Attorney General for the abatement of an
illegal income tax under G. L. c. 58, § 27, as amended by
St. 1926, c. 287, § 1.  By this section it is provided:

" If it shall appear that an income tax, a legacy and succession tax, or a tax or excise upon a corporation, foreign or domestic, was in whole or in part illegally assessed or levied, or was excessive or unwarranted, the commissioner may, with the approval of the attorney general, issue a certificate that the party aggrieved by such tax or excise is entitled to an abatement, stating the amount thereof. . . . No certificate for the abatement of any tax or excise shall be issued under this section unless application therefor is made to the commissioner within two years after the date of the bill for said tax or excise, or for an amount exceeding the sum which in equity and good conscience ought to be abated under all the circumstances of the case. . . . The decision of the commissioner and attorney general shall be final. . . . This section shall be in addition to and not in modification of any other remedies." The remainder of the section relates to the effect and means of enforcement of such certificate and has no bearing upon the issues here raised. The petitioner did not file any claim for abatement of the tax within six months after the date of the tax bill fixed by G. L. c. 62, § 43. After the expiration of that period but less than two years after the payment of the tax and the date of the bill therefor, the petitioner made application to the respondent for an abatement, which was refused.

Challenge is made of the right of the petitioner to maintain this form of relief on the facts here disclosed. It becomes necessary to examine somewhat critically governing statutes. The words " If it shall appear " in their context naturally mean " if it shall appear to the tax commissioner." This interpretation is confirmed by the further provision that the decision of the commissioner and the Attorney General shall be final. The ground upon which certificate may be issued is not illegality alone, but includes also an excessive or unwarranted levy. This remedy is not in modification of other remedies, such as those afforded by G. L. c. 62, §§ 43–47, but is in addition to them. That the tax commissioner is the one to whom reason for abatement must appear is confirmed by the re-

quirement of approval by the chief law officer of the Commonwealth before the certificate of abatement can be issued. No appeal is provided in said § 27 as amended from an adverse decision by the commissioner and Attorney General. There is careful provision for appeal in G. L. c. 62, §§ 43, 45, 47. Apparently the mischief intended to be remedied was the inability of the taxpayer to recover taxes paid by mistake, or to get relief against an illegal assessment after the expiration of the six months period, even though the commissioner and the Attorney General should be of opinion that there ought to be repayment or other relief. It is hardly a permissible construction to hold that the Legislature by this indirect method intended to extend to two years the time limited by G. L. c. 62, §§ 43–47, to six months after the date of the tax bill for contesting the validity of the tax. The history of said § 27 as amended makes this clear. The provisions of that section first were enacted by St. 1919, c. 146. The Attorney General had pointed out in his report for the year ending January 15, 1919, the lack of simple and inexpensive means for abatement and refund of certain taxes collected by the Commonwealth in cases where error or illegality was conceded. That part of his report was referred to the committee on taxation, which reported the bill subsequently enacted as said c. 146. Again, in his report for the year ending January 18, 1922, the Attorney General directed attention to the need of extending the provisions of G. L. c. 58, § 27, and including in the relief to be afforded legacy and succession, corporation and income taxes. That part of his report was referred to the committee on taxation, which reported a bill embodied in substance in St. 1922, c. 382, whereby income as well as legacy and succession and corporation taxes were included within the scope of said § 27, and the period within which such relief could be granted was fixed at two years after the date of the tax bill. It is permissible to look to the history of a statute for light upon its purpose and meaning. *Old South Association in Boston* v.

*Boston,* 212 Mass. 299, 304, 305. *Loring* v. *Young,* 239
Mass. 349, 368. The amendment made by St. 1926, c. 287,
§ 1, is not pertinent to the point here in issue.

The conclusion follows that, where the commissioner
was of opinion at all times that there was no illegality
in whole or in part in the tax as levied, and that it was
not excessive or unwarranted, and has considered the re-
quest for abatement on its merits, there is no ground for
the issuance of a writ of mandamus.

The decision in *Attleboro Trust Co.* v. *Commissioner of
Corporations & Taxation,* 257 Mass. 43, is readily dis-
tinguishable from the case at bar. That decision pro-
ceeded upon the finding (page 50) that the commissioner
believed that " the taxes assessed were in part at least
illegal, and that his sole ground for denying the applica-
tions for abatement was that they were not filed within
six months after the date of payment of the tax bills
rendered as provided by G. L. c. 63, § 77." This ground was
held to be untenable in view of the express provision that
such applications might be filed within two years. The
effect of the decision was that the respondent ought to con-
sider the applications on their merits and not arbitrarily
to refuse even to consider them unless filed within six
months. That decision has no relevancy to the facts here
disclosed. The respondent in the case at bar did not
decline to consider the application. He simply denied it.
There is nothing in the record to indicate that the re-
spondent did not honestly believe that the tax was legally
assessed and warranted in every particular. Every pre-
sumption is to be indulged in favor of his good faith.
*Duffy* v. *Treasurer & Receiver General,* 234 Mass. 42, 50.
The circumstance that, to the knowledge of the respond-
ent, a judge of the Superior Court upon a similar question
had decided that the tax was illegal, does not entitle the
petitioner to prevail. Notwithstanding that decision, it
may still have appeared to the respondent, acting under
a heavy sense of public duty, that the tax was legal.

The case at bar on its merits appears to be similar to

*Boston Safe Deposit & Trust Co.* v. *Commissioner of Corporations & Taxation, ante,* 208, this day decided. That, however, does not entitle this plaintiff to the relief here sought.

*Order dismissing petition affirmed.*