Henchey, J.
This is an action of contract in which the plaintiff seeks to recover of the defendant salary alleged to be due her. The writ is dated August 5, 1937 and was served on the defendant August 7, 1937. There are two» counts in the declaration. Count 1 alleges that the defendant owes the plaintiff the sum of two hundred (200) dollars with interest thereon from December 31, 1931, “for salary as a clerk for the Board of Park Commissioners of the City of Malden,” according to the account annexed to the declaration and marked “A.” Said 1 ‘Account Annexed A” sets out that the salary as the aforesaid clerk for the year ending December 31, 1931 was five hundred (500) dollars and that on various occasions the plaintiff received “cash credits” amounting in all to three hundred (300) dollars, leaving a balance due of two hundred (200) dollars. The last “cash credit” was paid on October 15,1931. Count 2 is a similar count, alleging that there is due the plaintiff from the defendant the sum of three hundred *117 (300) dollars with interest thereon from December 31,1932, for salary as clerk aforesaid, according to the account annexed marked “B.” Said “Account Annexed B” sets out the salary as clerk aforesaid for the year ending December 31, 1932, was five hundred (500) dollars, and that on various occasions the plaintiff received “cash credits” amounting to two hundred (200) dollars, leaving a balance due of three hundred (300) dollars.
The defendant’s answer contains a general denial, an allegation that the money which the plaintiff seeks to recover is in excess of that which was legally appropriated by the defendant for the plaintiff’s salary, and a further answer that the action was not commenced within six years next after the cause of action accrued.
The defendant admitted that the City of Malden accepted the provisions of General Laws (Ter. Ed.) Chapter 45, on December 3, 1889. It was admitted by the defendant that the plaintiff’s name was certified for clerk of the Board of Park Commissioners for the City of Malden, hereinafter referred to as the Board, under Civil Service on May 3, 1932, and she was so appointed on that date. In 1931, three hundred (300) dollars and in 1932, two hundred (200) dollars were appropriated for the plaintiff’s salary in the municipal budgets for the years 1931 and 1932 respectively, and the defendant admits that the plaintiff received only those amounts in 1931 and 1932 respectively.
At the trial there was evidence tending to prove that since about 1921 the plaintiff has been annually elected by the Board to the office of clerk, and has continuously held that office; that, on September 25, 1928, because of additional work assigned to the plaintiff, the Board fixed her salary at five hundred (500) dollars “retroactive”; that the plaintiff has been paid her salary regularly at the rate of five hundred (500) dollars annually, except for the years *118 1931 and 1932; that, subsequent to September 25, 1928, no other action was taken by the Board with reference to the plaintiff’s salary; and that at no time during 1931 or 1932 or since then had the plaintiff been given a written notice by the Board that her salary had been reduced, that she had been suspended or removed from her office, or that the position had been abolished.
There was also evidence tending to prove that the Mayor of Malden in submitting his budget for the year 1931, for the first time specifically segregated various items, including that which covered the plaintiff’s salary, for which he provided an appropriation of three hundred (300) dollars. ■On May 20, 1932, in submitting his budget for the year 1932, the Mayor followed a similar procedure, this time ■providing only two hundred (200) dollars for the item covering the plaintiff’s salary. On May 20,1932, the Mayor wrote a letter, addressed to the Chairman of the Board, stating in substance, that in preparing his budget for the year 1932 he recommended, that “money be appropriated solely for those purposes that seemed to be absolutely essential.” Because of “the necessity of spending an unusually large sum of money for the relief of persons in dire need because of unemployment,” the Mayor outlined certain reductions in departmental appropriations, stating, with particular reference to the plaintiff, “In the case of the clerk, I have reduced the appropriation from three hundred dollars to two hundred dollars which in my opinion is ample to care for the small amount of-work required. ’ ’ The Mayor then closed by saying, “Your cooperation is earnestly requested in keeping the work of your department within the limits of the appropriation.” This letter was admitted in evidence for the sole purpose of bearing on the question of good faith of the Mayor in fixing.the amount-of the plaintiff’s salary.
*119 There was evidence that in December of 1931 and also of 1932 the plaintiff made due demand for the balance of her salary for the years 1931 and 1932 respectively, and that on each occasion the defendant refused to comply with the aforesaid demand.
There was also evidence that the charter of the City of Malden contained provisions identical with those of General Laws (Ter. Ed.) Chapter 44, Sections 31 and 34.
The plaintiff seasonably presented the following requests for rulings:
1. That upon all the evidence the plaintiff is entitled to recover the amount claimed in Count 1 of her declaration.
2. That upon all the evidence the plaintiff is entitled to recover the amount claimed in Count 2 of her declaration.
3. That the plaintiff was entitled to hold her office or employment without removal therefrom, reduction in rank or compensation, except for just cause, and for reasons specifically given her in writing within twenty-four hours after such removal, suspension or reduction in rank or compensation.
4. That the attempted reduction in the compensation of the plaintiff by the Mayor of Malden failed to comply with the provisions of the statute relative thereto.
5. That the action of the Mayor in failing to incorporate in the budget for the year 1932 the amount of the plaintiff’s salary was an attempt in bad faith to circumvent the provisions of the statute governing the employment of the plaintiff.
6. That there is no general principle of law that a city is not bound by a contract made in its behalf by officers duly authorized, merely because no appropriation exists out of which the contract can be performed.
*120 7; That the Board of Park Commissioners of the City of Malden was the only properly constituted body authorized to appoint or remove the plaintiff and to fix her salary;
Thereafter the Court disallowed requests numbered 1, 2, 4 and 5, allowed request numbered 3' so far as the plaintiff’s Civil Service. status is concerned, allowed requests numbered'6 and 7, and found generally for the defendant.
The report of the trial judge contains all the evidence material to the decision of the questions raised by the report filed by the trial judge upon the plaintiff’s claiming to be aggrieved by the Court’s rulings, its refusal to grant requests for rulings' and its general finding.
We believe the trial court erred in its refusals to rule and in its general finding.
We may deal with requests numbered 1, 2 and 4 together.
In accordance with the provisions of General Laws (Ter. Ed) Chapter 45, the Board of Park Commissioners is given power to appoint clerks, to define their duties and to fix their compensation. The provisions of the act had been accepted by the City: of Malden many years before the plaintiff was employed by the Board. There is no dispute as to the facts. During the years 1931 and 1932, the plaintiff continued to perform work for which she had been engaged many years previous and. at a salary which had been established in'the year 1928'by a-Board having express statutory authority so to contract. It is elementary in the law of- cities that their officers have such powers to bind their municipalities by contract as are conferred by the express terms of' statutes. Simpson v. City of Marlborough, 236 Mass. 210. The appointment by a municipality of officers whose salaries are fixed by municipal action creates a contract of a sort. McHenry v. City of Lawrence, 1936 A. S., 1489. Compensation due such an officer may be recovered in a contract action. Hooker v. McLennan, 236 *121 Mass. 117 at 120. The Mayor of a city cannot usurp the powers expressly granted to the Board of Park Commissioners and escape liability under a contract legally made by such a Board by the simple device of failing to make a sufficient appropriation to meet the requirements thereof. G. M. Byrne Co. v. Barnstable, 286 Mass. 544. Nor has this principle of law been changed by the provisions of General Laws (Ter. Ed) Chapter 44, Section 31. McHenry v. City of Lawrence, 1936 A. S. 1489. The municipal indebtedness act, General Laws (Ter. Ed) Chapter 44, must be considered in its entirety. Section 31 which prohibits the incurring of liabilities in excess of the appropriation made does not stand alone. It must be taken along with Section 33A which requires that the budget shall include sums sufficient to pay the salaries of officials fixed by law or ordinance. In the instant case the salary of the plaintiff is fixed according to the provisions of General Laws (Ter. Ed.) Chapter 45, Section 5. It was intended by the municipal indebtedness act, General Laws (Ter. Ed.) Chapter 44, that the budget should consist of a detailed statement of the money required to meet all the current expenses of the city for the year. Flood v. Hodges, 231 Mass. 252 at 256. In the present case we have no question of a newly created position nor of an increase in salary in the face of a decreased appropriation. It is simply a question of the right of a Mayor to decrease salaries of officials beyond his control by means of a decreased appropriation. Barnard v. City of Lynn, 1936 A. S. 1515. If such a power is recognized, then the provisions of General Laws (Ter. Ed) Chapter 44, supercede the provisions of General Laws (Ter. Ed.) Chapter 45 and all other similar laws giving powers to establish salaries to persons other than the Mayor of a City.
It follows then that the defendant must pay the salary of the plaintiff as fixed by the Board. If such a salary is *122 excessive or the position unnecessary, the proper steps must he taken to either abolish the position or decrease the salary., Fortin v. City of Chicopee, 1938 A. S. 1785.
Inasmuch as we have dealt with this question apart from the plaintiff’s rights under the provisions of General Laws (Ter. Ed) Chapter 31, Section 43, and in as much as we have concluded that the plaintiff is entitled to the unpaid amounts claimed in Count 1 and Count 2 of her declaration, it becomes unnecessary for us to deal with the question raised by the trial Court’s allowance, in limited form, of request numbered 3.
The Court properly denied request numbered 5. Every presumption is to be indulged in favor of the good faith of an official in the performance of his duties. Boston Safe Deposit and Trust Company, Executor v. Commissioner of Corporations and Taxation, 273 Mass. 212 at 215. The letter of the Mayor to the Chairman of the Board of Park Commissioners, under date of May 20, 1932, is evidence of a sincere purpose in advocating reductions. There is no-evidence to rebut this presumption.
Although the statute of limitations was pleaded by the defendant, it does not appear that any argument was made by the defendant that this action was barred by the provisions of General Laws (Ter. Ed.) Chapter 260, Section 2. It is to be noted that in “Account Annexed A” the last “crash credit” in 1931 was on October 15, 1931. The writ in this action is dated August 5, 1937. Under the provisions of General Laws (Ter. Ed.) Chapter 260, Section 14, a partial payment defers the operation of the statute. The payment is an acknowledgment of the existence of the indebtedness and raises an implied promise at that time to pay the balance. Day v. Vayo, 157 Mass. 472 at 474. Alpert v. Radner, 1936 A. S. 65 at 67.
We must conclude that the trial court erred in its rulings and findings.. Inasmuch as the report contains all the *123 evidence material to the questions raised, a finding may be entered for the plaintiff on her declaration, with interest from the date of the writ.
Finding for the defendant reversed. Judgment for the plaintiff.