CELIA C. MILLER & others vs. ALCOHOLIC BEVERAGES
CONTROL COMMISSION & others.

Suffolk.    November 6, 1959. — December 8, 1959.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, &
CUTTER, JJ.

State Administrative Procedure Act.    Alcoholic Liquors, Alcoholic bev-
erages control commission.

A preliminary inquiry by the alcoholic beverages control commission
into alleged violations of G. L. c. 138 by licensees upon a petition by
twenty-five taxpayers under c. 138 § 67, as amended through St. 1953,
c. 672, was not an adjudicatory proceeding within the State administra-
tive procedure act, G. L. c. 30A, nor reviewable under § 14 of c. 30A,
although the commission held a hearing on the taxpayers' petition.

PETITION for review, filed in the Superior Court on April
1, 1959.

The case was heard by *Wisnioski*, J., on demurrers.

*Paul Levenson*, (*George L. Rabb* with him,) for the peti-
tioners.

*Richard H. Gens*, Assistant Attorney General, for the re-
spondent Alcoholic Beverages Control Commission.

*James W. Kelleher*, (*George J. Leary* with him,) for the
interveners.

WILKINS, C.J.    This is a petition for review purportedly
under G. L. c. 30A.    The petitioners are three of twenty-
seven taxpayers who filed a petition with the respondent
alcoholic beverages control commission complaining that
the interveners, owners of three package stores in Boston,
namely, Blanchard & Co., Inc., Blanchard, Inc., and
Blanchard Liquors, Inc., were violating certain provisions
of G. L. c. 138.    The commission conducted a hearing and
filed a "decision" in due detail concluding, "No action to
be taken on these allegations.    Continue usual investiga-

tory procedures." The commission and the interveners demurred to the petition for review. From an interlocutory decree sustaining the demurrers and from a final decree dismissing the petition, the petitioners appealed.

The material portion of G. L. c. 138, § 67, as amended through St. 1953, c. 672, which governed the proceedings before the commission, reads: "Upon the petition of twenty-five persons who are taxpayers of the city or town in which a license has been granted by such authorities, . . . or upon its own initiative, the commission may investigate the granting of such a license or the conduct of the business being done thereunder, and may, after a hearing, modify, suspend, revoke or cancel such license if, in its opinion, circumstances warrant."

At the outset of the decision the commission declared that there was no requirement of a hearing before determining whether to investigate the licensees or to proceed formally against them. We then read in the decision: "This commission, however, held a hearing on the petition upon the agreement by counsel for the petitioners and counsel for the three licensed premises that a hearing would be held to determine if there was any basis in fact for some action to be taken by the commission on account of violations of c. 138, and that in the event the commission found that the allegations in the complaint were substantiated, the appropriate formal hearing would be held."

The second ground of demurrer by the interveners is, "The petition will not lie because the proceedings of which review is sought were not 'adjudicatory proceedings' within the meaning of G. L. c. 30A, §§ 1 (1), 14." The commission's demurrer states this ground in slightly different language: "That the proceeding sought to be reviewed is not an adjudicatory proceeding within the meaning of c. 30A." However expressed, this ground is good. The commission is admittedly an agency. *Springfield Hotel Assn. Inc.* v. *Alcoholic Beverages Control Commn.* 338 Mass. 699, 701. But there was no adjudicatory proceeding as required by c. 30A, § 1 (1). *Hayeck* v. *Metropolitan Dist. Commn.* 335 Mass. 372.

*Natick Trust Co.* v. *Board of Bank Incorporation,* 337 Mass. 615. What the commission did was to conduct, pursuant to its discretionary power to investigate taxpayers' complaints, a preliminary inquiry somewhat in the nature of a determination of probable cause. The commission was not required to accept any evidence as true, and it could reach its own conclusion as to what action, if any, should be taken. This was not a formal hearing under G. L. c. 138, § 64, as amended through St. 1934, c. 385, § 20.[1] The kind of hearing which was held was not "required by constitutional right or by any provision of the General Laws" and the decision which was made was not one "in which the legal rights, duties or privileges of specifically named persons" were determined. G. L. c. 30A, § 1 (1).

The petitioners' argument in their brief that it "is unlikely that the commission, the petitioners or the interveners contemplated that a de novo fact finding procedure would be held at the conclusion of the hearings below, in the event of a finding of violations of c. 138 by the interveners," is not supported by the record.

We have not found it necessary to pass upon the first ground of demurrer of the interveners, which is, "As a matter of law the petitioners, being but three of the twenty-seven taxpayers who commenced the proceeding below (twenty-five being required), are not aggrieved persons within the meaning of G. L. c. 30A, § 14." See *Barnes* v. *Barnes,* 291 Mass. 383, 387–388.

> *Interlocutory decree affirmed.*
> *Final decree affirmed.*

---

[1] "The licensing authorities after notice to the licensee and reasonable opportunity for him to be heard by them, may modify, suspend, revoke or cancel his license upon satisfactory proof that he has violated or permitted a violation of any condition thereof, or any law of the commonwealth."