ASSOCIATED INDUSTRIES OF MASSACHUSETTS & others *vs.*
COMMISSIONER OF INSURANCE
(and a companion case between the same parties).

Suffolk.   May 7, 1969. — June 25, 1969.

Present: SPALDING, WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Insurance*, Workmen's compensation insurance, Rating.   *State Administrative Procedure Act.   Regulation.   Administrative Matter.*

Approval by the Commissioner of Insurance of proposed workmen's compensation insurance rates filed on behalf of certain insurance companies pursuant to G. L. c. 152, § 52, did not constitute a "regulation" within § 1 (5) of c. 30A, the State Administrative Procedure Act, and was not required by c. 30A, § 5, to be filed with the Secretary of State. [282, 284]

Approval by the Commissioner of Insurance of proposed workmen's compensation insurance rates filed pursuant to G. L. c. 152, § 52, did not constitute an "adjudicatory proceeding" within § 1 (1) of c. 30A, the State Administrative Procedure Act. [282, 286]

Upon a petition by the Associated Industries of Massachusetts, a voluntary association, and several business corporations for a review under G. L. c. 152, § 52, of proposed workmen's compensation insurance rates filed on behalf of certain insurance companies by a licensed rating bureau and approved by the Commissioner of Insurance, it was held that the approval was adequately supported by evidence adduced through the assistant manager of the bureau and opinion evidence of expert actuaries, and that the Commissioner's approval must be affirmed. [286]

PETITION for review filed in the Supreme Judicial Court for the county of Suffolk on March 29, 1968.

BILL IN EQUITY for declaratory and injunctive relief filed in the same court on April 23, 1968.

The cases were reserved and reported without decision by *Cutter*, J.

*Allen Martin* (*Hans F. Loeser* with him) for the petitioners.

*Herbert P. Wilkins* for the intervener Massachusetts Workmen's Compensation Rating and Inspection Bureau (*Paul N. Gollub*, Special Assistant Attorney General, for the Commissioner of Insurance, with him).

REARDON, J. The Associated Industries of Massachusetts (AIM), a Massachusetts voluntary association, alleged to have in excess of 2,400 active or associated members, and John E. Cain Company, Esleeck Manufacturing Company, and Russell Harrington Cutlery Company (corporate petitioners), each being a Massachusetts business corporation, have brought a petition for review of an approval by the Commissioner of Insurance (Commissioner) of workmen's compensation insurance rates, and also a proceeding for declaratory and injunctive relief. The petitioners challenge the purported approval by Milton G. McDonald, chief actuary of the Department of Insurance, of rates for workmen's compensation insurance filed with the Commissioner on November 15, 1967, by the Massachusetts Workmen's Compensation Rating and Inspection Bureau (Bureau). The Bureau is a licensed organization under G. L. c. 152, § 52C. It was permitted to intervene in each of the consolidated proceedings, which were reported to the full court by the single justice.

The facts are as follows. The Bureau on November 15, 1967, filed with the Commissioner a proposed "General Revision of Workmen's Compensation Insurance Rates" to be effective February 1, 1968, on behalf of its members aggregating more than 150. The Bureau filing proposed a rate level increase of approximately 8.9% which was not, however, to be uniformly distributed to all classifications of risks, 582 in number. A two per cent average increase

was attributable to 1967 amendments in certain sections of G. L. c. 152, increasing maximum weekly benefits for incapacity under the workmen's compensation law. The Bureau claimed that the balance of the increase was warranted on the loss experience of the insurance companies and on a change in the experience rating off-balance factor from 1.048 to 1.058.

On December 19, 1967, the Commissioner in a published notice of public hearing set January 18, 1968, as his date of hearing for the purpose of determining whether the proposed rates should be approved. The notice stated that all interested persons would be given an opportunity to present "data, views and arguments in regard to the filing, orally or in writing at the public hearing." The hearing was duly held on the appointed date, at which AIM and the Bureau appeared represented by counsel who filed appearances and took part therein.

On March 1, 1968, the chief actuary issued an "Opinion and Decision," containing an order that the rate filing of the Bureau "is hereby approved effective March 1, 1968, applicable as of the first normal anniversary rating date of each risk which is on or next follows said effective date." No statement was contained in the "Opinion and Decision" "with respect to rights to review or appeal the decision within the Commissioner's office or in court and the time limits related thereto." AIM received no notice with respect to such rights, if any, orally or in writing from the Commissioner's office and did not learn of any such rights until more than three days had elapsed from the issuance of the "Opinion and Decision." On March 28, 1968, AIM submitted to the Commissioner a motion that he allow a further period for filing an appeal with him from the "Opinion and Decision," upon which motion the Commissioner has not acted.

The parties filed a statement of agreed facts. The rates proposed by the Bureau and purportedly approved effective March 1, 1968, were also purportedly effective from that day until February 1, 1969, on which date a new Bureau

filing proposing an indicated rate level decrease of approximately 4% was approved by the Commissioner. The Commissioner has never since July 1, 1955, filed with the Secretary of State classifications of risks and premium charges approved by him under G. L. c. 152, nor any decision of his approving such classification, nor has he filed with the Secretary of State an approved rate filing, or decision approving any rate filing, in any matter subject to his jurisdiction. He has, however, since July 1, 1955, filed with the Secretary of State every finding and order of his fixing and establishing classifications of risks and premium charges as provided by G. L. c. 175, § 113B, which deal with compulsory motor vehicle insurance rates. Since 1917 the Commissioner has made no filing or approval of any filing of classifications of risks and premium charges for workmen's compensation policies with the Secretary of State nor has he filed with the Secretary of State any decision relative to the same.

The petitioners allege that the approval by the Commissioner under G. L. c. 152, § 52, is a "regulation" within the meaning of G. L. c. 30A, § 1 (5), and therefore is not effective since it was not filed with the Secretary of State pursuant to the requirement of G. L. c. 30A, § 5. Alternatively, they argue that the approval is an "adjudicatory proceeding" within the meaning of G. L. c. 30A, § 1 (1), and that therefore their rights were prejudiced in that (a) the Commissioner did not give timely notice of the right to appeal to him from the decision of his subordinate, which right is given by G. L. c. 26, § 7, such notice being required in an adjudicatory proceeding by G. L. c. 30A, § 11 (8); and (b) the chief actuary in his opinion indicated that he was not bound to give weight to evidence adduced by the petitioners who appeared at the hearing. We hold that the approval by the Commissioner of workmen's compensation insurance rates, pursuant to G. L. c. 152, § 52, is neither a "regulation" nor an "adjudicatory proceeding" within the definitions given in G. L. c. 30A, § 1, nor does it fall within the purview of the State Administrative Procedure Act, G. L. c. 30A.

1. General Laws, c. 152, § 52, as amended through St. 1947, c. 619, § 1, provides that insurers insuring under the workmen's compensation law, or their rating bureau, shall file proposed rates with the Commissioner and that such rates shall not become effective until approved by the Commissioner. This court is given jurisdiction to review the decision of the Commissioner upon petition of the filing company "or of any other party aggrieved". The petitioners, relying heavily on the cases of *Kneeland Liquor, Inc.* v. *Alcoholic Beverages Control Commn.* 345 Mass. 228, and *Pioneer Liquor Mart, Inc.* v. *Alcoholic Beverages Control Commn.* 350 Mass. 1, argue that the approval of rates under G. L. c. 152, § 52, is a "regulation" within the meaning of the State Administrative Procedure Act, G. L. c. 30A, § 1 (5). The *Kneeland* case held, and the *Pioneer* case reiterated, that an approval by the Alcoholic Beverages Control Commission of prices filed by a distributor pursuant to G. L. c. 138, § 25C, is a "regulation" subject to G. L. c. 30A.[1] General Laws c. 152, § 52, like G. L. c. 138, § 25C, provides for the approval of rates that are not "excessive, inadequate or unfairly discriminatory." Notwithstanding that fact, the *Kneeland* case is not this case. For one thing, the liquor prices set under G. L. c. 138 have a more generalized effect than the rates set under G. L. c. 152. The latter affect only the filers and those in a direct contractual relationship with them; the former affect all consumers of various brands of liquor who, of course, take no part in the statutory process for the establishment of prices. General Laws c. 138, § 25C, is only a small part of a very comprehensive exercise of the police power relative to alcoholic beverages. The regulatory powers given the Alcoholic Beverages Control Commission are extensive and continuous. So much is this so that even though the statute authorizes the commission only to approve rates the Chief Justice, writing in the *Kneeland* case, could say that it has the

---

[1] This result was reversed by St. 1963, c. 258. Although the *Pioneer* case was decided after the amendment, the prices it considered were approved before, so the *Kneeland* rule applied.

"general obligation and the main power in *setting* minimum prices" (emphasis supplied). *Kneeland Liquor, Inc.* v. *Alcoholic Beverages Control Commn.*, *supra*, at p. 234. The *Kneeland* case and the *Pioneer* case each thus dealt with rates of general application to a whole industry. These were plainly within the definition of "regulation" in G. L. c. 30A, as a regulation of general application and future effect adopted by an agency. Rates filed under c. 152, § 52, only by or on behalf of certain insurance companies, as has been noted, apply only to those companies and those insureds who see fit to deal with them. See Curran and Sacks, Massachusetts Administrative Procedure Act, 37 B. U. L. Rev. 70, 81, 85: 1954 Ann. Surv. Mass. Law, §§ 14.1–14.22, esp. §§ 14.3 and 14.8. Even if there is essential uniformity of rate filing by many companies, c. 152, § 52, in terms permits dealing with each filing company's rates separately, so the approved rates may not be of general application. Thus we hold that the approval of rates under G. L. c. 152, § 52, is not a "regulation" within the meaning of G. L. c. 30A, § 1 (5), and that rates need not be filed with the Secretary of State in order to become effective.

2. The petitioners argue that if the approval of rates by the Commissioner is not a "regulation" under G. L. c. 30A, § 1 (5), it is an "adjudicatory proceeding" under G. L. c. 30A, § 1 (1), and they specify two particulars in which they say their rights with regard to such a proceeding were violated: (A) G. L. c. 26, § 7, gives the right of appeal to the Commissioner from the decision of his subordinate; G. L. c. 30A, § 11 (8), requires that in an "adjudicatory proceeding" the agency give notice of the right to appeal; no such notice was given here. (B) The hearing officer allegedly disregarded the evidence produced by the petitioners and this allegation is based upon the following passage from the chief actuary's decision: "At the hearing, counsel for certain industry groups presented an expert witness who had a number of general questions concerning the character of the filing. He questioned (1) the use of calendar year data; (2) the failure to use a wage adjustment factor; (3) the

failure to use a factor to adjust interest on reserves; and (4) the manner of adjustment for off-balance. He presented little real evidence however, for our consideration. For the most part his testimony was in the nature of opinion, theory and experience with other rate-making bodies in other states. In connection with his testimony we point out that chapter 152, section 52 provides in part — 'Any filing may be supported by (1) the experience or judgment of the insurer or rating organization making the filing, (2) the experience of other insurers or rating organizations, or (3) any other factors which the insurer or rating organization deems relevant.'"

Although our disposition of this point makes it irrelevant whether the chief actuary considered the petitioners' evidence, we point out that a fairer reading of the above passage and the material immediately following indicates that the chief actuary did in fact consider the evidence and found it without substantial weight.

General Laws c. 30A, § 1 (1), defines an "adjudicatory proceeding" as "a proceeding before an agency in which the legal rights, duties or privileges of specifically named persons are required by constitutional right or by any provision of the General Laws to be determined after opportunity for an agency hearing." Then follow exceptions not here pertinent. Thus an essential element of the definition is that the hearing be required by statute or the Constitution. Nothing in G. L. c. 152, § 52, requires a hearing.[2] On the contrary, in effect it provides that if the filer supplies adequate information to support the filing the rates may be approved forthwith, subject to review by this court. In view of the right of review given the court by G. L. c. 152, § 52, the Constitution does not require a hearing in these matters. See *Natick Trust Co.* v. *Board of Bank Incorporation*, 337 Mass. 615–616. See also *Miller* v. *Alcoholic Beverages Control Commn.* 340 Mass. 33, 34–35; *Massachusetts Medical Serv.* v. *Commissioner of Ins.* 344 Mass. 335,

---

[2] Compare G. L. c. 175, § 113B, where a hearing is required.

339; *Westland Housing Corp.* v. *Commissioner of Ins.* 352 Mass. 374, 381. Thus we hold that rate approval under G. L. c. 152, § 52, is not an "adjudicatory proceeding" subject to G. L. c. 30A.

3. We therefore dispose of these proceedings on the petition for review pursuant to G. L. c. 152, § 52. The record of the hearing before the chief actuary is before us and we affirm his ruling. We do so on the basis of the evidence which was laid before him, the transcript of which we have reviewed, and on the "Opinion and Decision." Not only was evidence substantiating the proposed rates adduced through the assistant manager of the Bureau and an expert actuary also appearing for the Bureau but it was also adduced through a consulting actuary of many years' experience in rate making problems in workmen's compensation insurance. The opinion evidence of these witnesses does not appear to have been challenged. On the other hand, an actuary appearing for the petitioners gave evidence which did come under question and which actuary McDonald did appraise. On the basis of the foregoing we cannot conclude that McDonald's decision is not adequately supported by evidence.

There is nothing in the record to indicate explicitly that the Commissioner himself adopted the chief actuary's opinion and approved the rates. Since this point is not raised by the petitioners, and since the Commissioner has appeared and litigated as respondent, we will assume that he has approved the rates. It would be better practice, however, for the Commissioner to issue a document to that effect which might be available upon the record.

On the basis of the foregoing, the proceeding for declaratory and injunctive relief is to be dismissed, and on the petition for review a decree is to be entered affirming the Commissioner's approval.

*So ordered.*