COMMISSIONER OF INSURANCE, receiver, *vs.* SUFFOLK INSURANCE COMPANY. March 29, 1973. The Commissioner of Insurance as receiver of the Suffolk Insurance Company (Suffolk) has petitioned for an adjudication of the claim of the Commonwealth for an excise, pursuant to G. L. c. 63, § 22, at the rate of two per cent on gross premiums for policies written from January 1, 1964, through November 25, 1964, the date Suffolk ceased to do business and the Commissioner of Insurance was appointed temporary receiver of Suffolk. In January, 1966, the Commissioner of Corporations and Taxation assessed the excise and gave notice thereof to the receiver. The receiver claimed that because Suffolk was not in business on January 1, 1965, no excise was due pursuant to G. L. c. 63, § 22. The receiver did not, however, apply to the State tax commission for an abatement as

he was entitled to do pursuant to G. L. c. 63, § 51. This unutilized right to challenge the assessment was the first of several steps which could have led to a determination by the Appellate Tax Board of the legality of the assessment (G. L. c. 63, § 71) and ultimately to such a determination by this court (G. L. c. 58A, § 13). In March, 1970, more than four years after he received the notice of assessment, the Commissioner of Insurance instead filed an application for abatement of insurance premium excise with the State tax commission pursuant to G. L. c. 58, § 27. (Section 27 has since been repealed by St. 1970, c. 601, § 1.) In June, 1970, the application was denied; this petition was filed in July, 1970. The answer of the State tax commission alleges that "the decision of the State Tax Commission is final under G. L. c. 58, § 27, and no judicial review lies." We agree. Section 27, as amended by St. 1953, c. 654, § 19, stated that the "decision of the commission shall be final," and because there was a clear statutory remedy available to challenge the legality of the excise, we are not concerned here with those of our decisions which, at least as to questions of law, have permitted judicial review of administrative action declared by statute to be final. See *Commissioner of Corps. & Taxn.* v. *Chilton Club*, 318 Mass. 285, 287–288. In *Boston Safe Deposit & Trust Co.* v. *Commissioner of Corps. & Taxn.* 273 Mass. 212, we held that no relief could be obtained from a denial of an application for abatement under G. L. c. 58, § 27, as amended by St. 1926, c. 287, § 1, where (as in the case now before us) it appeared that the application was considered by the tax commissioner on the merits and nothing appeared to show that the tax commissioner did not honestly believe that the excise was legally assessed. Section 27 then provided that the decision of the tax commissioner "shall be final" and that it was "in addition to and not in modification of any other remedies." Although § 27 has been amended on various occasions, for the purposes of this proceeding there is a substantive identity between the language of § 27 considered in the *Boston Safe Deposit & Trust Co.* case and the language of § 27 which applies to the subject abatement application (see § 27, as amended by St. 1964, c. 468, § 1, and made applicable by St. 1964, c. 468, § 2, to applications filed after December 31, 1964). Language providing that the decision of the commissioner shall be final was reënacted by the Legislature in St. 1953, c. 654, § 19. Other language of § 27 considered in the *Boston Safe Deposit & Trust Co.* case has since been reënacted. See St. 1964, c. 486, § 1. The reënactment of significant portions of § 27 since that decision supports a presumption that the Legislature adopted the judicial construction put on § 27 by this court in the *Boston Safe Deposit & Trust Co.* case. See *Bursey's Case*, 225 Mass. 702, 706. A final decree shall be entered dismissing the petition.

*So ordered.*

*Alexander E. Finger* for the Commissioner of Insurance.

*Charles M. Furcolo*, Assistant Attorney General, for the Commissioner of Corporations and Taxation.