BOARD OF ASSESSORS OF LYNN *vs.* ZAYRE CORP.

Suffolk.     September 19, 1973. — December 3, 1973.

Present:     TAURO, C.J., REARDON, QUIRICO, BRAUCHER,
& HENNESSEY, JJ.

*Taxation,* Appellate Tax Board: appeal to Supreme Judicial Court, Waiver, findings and report. *Waiver.*

Where no party to a case before the Appellate Tax Board requested it to make findings of fact and a report, an appeal from its decision to this court, based "upon questions as to the admission or exclusion of evidence, or as to whether a finding was warranted by the evidence," was deemed waived under G. L. c. 58A, § 13, as amended by St. 1969, c. 692. [338-339]

APPEAL from a decision of the Appellate Tax Board.
*Robert Murphy* for the Board of Assessors of Lynn.
*Nathan T. Wolk* for the taxpayer.

---

[a] 294 N. E. 2d 512, 520.

QUIRICO, J.   The board of assessors of the city of Lynn (assessors) is appealing from a decision of the Appellate Tax Board (Tax Board) granting the Zayre Corp. (Zayre) a partial abatement of the taxes assessed on a parcel of real estate in Lynn for each of five successive years.

The pertinent undisputed facts follow. In 1947 Zayre leased a parcel of real estate located at 286-294 Union Street in Lynn for a term of thirty years. The lease required Zayre as lessee to pay all real estate taxes on the premises. The assessors placed an assessed valuation of $151,000 on the premises for each of the five years of 1967 through 1971 inclusive. For each of those years Zayre seasonably applied for an abatement of the real estate tax on the premises, stating as reason therefor that the property "is believed to be over assessed in relation to other similar and comparable properties." Because the assessors failed to act on the applications within three months after they were filed, they were "deemed to be denied." G. L. c. 59, § 64, as amended through St. 1965, c. 597, § 2. Zayre seasonably appealed the denial of each application by the assessors to the Tax Board under the formal procedure provided by G. L. c. 58A, § 7, as amended through St. 1953, c. 654, § 25. Zayre's petition to the Tax Board in each of these appeals alleged that the real estate in question "was deliberately and intentionally overvalued, overassessed and disproportionately assessed by the . . . [assessors] in relation to other taxable real estate . . . in the City of Lynn," and that it "was assessed in excess of its fair cash value." The assessors filed no answer to any of the five appeal petitions before the Tax Board.

After a hearing on the five appeal petitions, the Tax Board decided in favor of Zayre on all of them. It decided that the fair cash value of the property for each of the five years was $176,000. Since the assessors had assessed it at $151,000 for each year, the Tax Board decided that "[o]n the issue of overvaluation the decision is for the . . . [assessors]." It also found "that the ratio of assessment to fair cash value for the years 1967, 1968, 1969, 1970, and 1971 in the City of Lynn is 30%." It then applied the 30% ratio to the fair cash

Board of Assessors of Lynn *v.* Zayre Corp.

value of $176,000 and decided that the correct real estate tax for each of the five years should be computed on the basis of an assessed value of $52,800 and ordered abatements accordingly. The assessors are appealing that decision.

In their claim of appeal to this court the assessors state that they rely on the following alleged errors of law by the Tax Board:

"1. The [Tax] Board erred in refusing to grant the . . . [assessors'] request, numbered 2, which reads as follows: '2. That upon all the evidence admitted on the issue of overvaluation, a finding for the . . . [assessors] is warranted.'

"2. The [Tax] Board erred in refusing to grant the . . . [assessors'] request, numbered 3, which reads as follows: '3. That the evidence on the issue of disproportion was insufficient as a matter of law, to support an inference of a scheme of assessment discriminating against . . . [Zayre].'

"3. The [Tax] Board's decision on the issue of overvaluation, in setting a fair cash value of $176,000, for the years in question, is unwarranted and inconsistent with the evidence presented at the hearing as set forth in the official stenographic report. . . .

"6. The [Tax] Board erred in admitting into evidence over objection by the . . . [assessors], testimony by the witness, . . . Twohig.

"7. The [Tax] Board erred in admitting into evidence over objection by the . . . [assessors], testimony by the witness . . . Sanders, on fair market value.

"8. The [Tax] Board erred in admitting into evidence over objection by the . . . [assessors], statement by counsel for . . . [Zayre]."[1]

---

[1]Paragraphs 4 and 5 of the claim of appeal alleged that "[t]he [Tax] Board's decision on the issue of overvaluation, in setting a fair cash value of $176,000, for [some or] all the years in question, is unsupported by substantial evidence as required by Section 14(8)(e) of Chapter 30A of the General Laws." In the course of oral argument before this court, counsel for the assessors expressly waived the claim that G. L. c. 30A commonly referred to as the State Administrative Procedure Act, had any application to this case. This waiver was probably a direct result of the amendment of G. L. c. 30A, § 1 (2), by St. 1968, c. 120, § 1, entitled, "An Act providing that the state administrative procedure act shall not apply to the appellate tax board." For cases holding that c. 30A applied to the review of tax board proceedings before the 1968 amendment, see *Children's Hosp. Medical Center* v. *Assessors*

Board of Assessors of Lynn *v.* Zayre Corp.

Zayre makes the threshold argument that under G. L. c. 58A,§ 13, as amended by St. 1969, c. 692, the assessors are deemed to have waived their right of appeal to this court on the issues which they now attempt to raise because neither party requested the Tax Board to make findings of fact and a report thereof. We agree. The 1969 amendment of § 13 consisted of the insertion therein of the following new sentence: "If no party requests such findings [of fact] and report, all parties shall be deemed to have waived all rights of appeal to the supreme judicial court upon questions as to the admission or exclusion of evidence, or as to whether a finding was warranted by the evidence." All of the errors alleged by the assessors fall within the purview of this new sentence and of the waiver resulting from the fact that no party requested the Tax Board to make and report findings of fact.

The assessors cite in their brief our opinion in *Assessors of New Braintree* v. *Pioneer Valley Academy, Inc.* 355 Mass. 610 (1969), where we said at p. 612, fn. 1: "Even if the parties do not request findings and a report . . . [the Tax Board], in a case apparently to be appealed, in order to clarify and substantiate its decision and to enable this court properly and justly to decide the issues of law presented to it . . . should find those subsidiary facts upon which it relies and certainly those subsidiary facts which it regards as supporting its conclusions." That case was heard before the 1969 amendment of G. 'L. c. 58A, § 13, which equates the absence of a request for findings to a waiver of the right of appeal on issues such as those now raised by the assessors. The quoted statement from the *Assessors of New Braintree* decision therefore has no application to this case. See *First Natl. Stores, Inc.* v. *Assessors of Somerville,* 358 Mass. 554, 560 (1971).

There are several other instances of statutory provisions which involve a waiver of a right to judicial review if a party to a tax appeal elects to follow a particular procedure or fails to take some step necessary to the preservation of his right to

*of Boston,* 353 Mass. 35, 39-40 (1967), and *Assessors of Holyoke* v. *State Tax Commn.* 355 Mass. 223, 233 (1969).

such review. One is found in G. L. c. 58A, § 7A, which permits a taxpayer to elect to have his appeal heard by the Tax Board under the "informal procedure," provided he files "a written waiver of the right of appeal to the supreme judicial court, except upon questions of law raised by the pleadings or by an agreed statement of facts or shown by the report of the board . . .." If the property is assessed at a value over $20,000, the taxing authority may "elect to have the appeal heard under the formal procedure" by taking certain steps prescribed therefor. However, if it does not take those steps seasonably, "the informal procedure shall be deemed to have been accepted and all right of appeal waived by the . . . [taxing authority], except upon questions of law raised by the pleadings or by an agreed statement of facts or shown by the report of the board." *Cohen* v. *Assessors of Boston,* 344 Mass. 268, 271 (1962). *Leen* v. *Assessors of Boston,* 345 Mass. 494, 499 (1963). *Assessors of Saugus* v. *Leo,* 363 Mass. 47, 50 (1973). Another is found in G. L. c. 58, § 27, since repealed by St. 1970, c. 601, § 1, which provided that a taxpayer might seek abatement of certain types of taxes from the State Tax Commission (G. L. c. 14, § 2), that the "decision of the commissioner . . . shall be final," and that the section was "in addition to and not in modification of any other remedies." This court held that a taxpayer electing to proceed under § 27 was not entitled to judicial review of the commission's decision. *Boston Safe Deposit & Trust Co.* v. *Commissioner of Corps. & Taxn.* 273 Mass. 212 (1930). *Commissioner of Ins.* v. *Suffolk Ins. Co.* 363 Mass. 880 (1973).

Since all of the issues raised by the assessors before this court involve "questions as to the admission or exclusion of evidence, or as to whether a finding was warranted by the evidence," and since they are deemed to have waived their right of appeal to this court on such questions (G. L. c. 58A, § 13, as amended by St. 1969, c. 692), we do not reach the merits of those questions. The decision of the Tax Board is affirmed.

*So ordered.*