VALOR, INC. *vs.* STATE TAX COMMISSION. December 3, 1973. We affirm the decision of the Appellate Tax Board dismissing the appellant's petition for abatement of tax assessed by the State Tax Commission. The appellant filed its corporation excise return for 1965 (fiscal year ending May 31, 1966) on November 15, 1966, an extension of time for filing having been allowed from September 15, 1966. The return showed $34,543.66 as tax due. Under "allocation of income" (Schedule F), it showed zero as the percentage of Massachusetts sales to total sales. Following notices of intention to assess additional income, sent to the appellant on December 28, 1966, and February 15, 1967, which indicated disallowance of the zero sales factor and application of a factor of 100%, the Department of Corporations and Taxation on September 12, 1967, issued a notice of assessment of tax and penalty of $55,666.89, representing additional tax and penalty of $21,123.22. As the appellant had paid in $55,400 as its estimated 1965 tax, a balance of $266.89 was owing, which the appellant paid on April 2, 1969. On February 19, 1970, the Commission received from the appellant an application for abatement of the tax pursuant to G. L. c. 58, § 27. This was denied and notice sent to the appellant on October 19, 1972. On January 13, 1973, the appellant appealed by petition to the Appellate Tax Board. The Commission filed a "plea in bar" asserting that pursuant to G. L. c. 58, § 27, the Commission's decision was final, and the Appellate Tax Board was without jurisdiction. The Board allowed the plea and dismissed the petition on the jurisdictional ground. This conclusion accords with our recent decision, *Commissioner of Ins. v. Suffolk Ins. Co.* 363 Mass. 880 (1973), which gave effect to the provision of G. L. c. 58, § 27, that "[t]he decision of the commission shall be final," at least in the absence of any suggestion that the Commissioner had not considered the application under § 27 on the merits and ruled on it in good faith. (Section 27 has been repealed by St. 1970, c. 601, § 1, affecting applications for abatement filed on or after January 1, 1971). The appellant contends that, although it applied under c. 58, § 27, it is entitled to the benefit of c. 63, § 51 (as worded prior to amendment by St. 1970, c. 601, §§ 5, 6, affecting applications for abatement filed on or after January 1, 1971), which initiates a procedure for abatement of tax leading to review of the action of the Commission by the Appellate Tax Board (§ 71) and finally by this court (G. L. c. 58A, § 13). But if the appellant was to avail itself of § 51 in the circumstances of this case, it must, under the third sentence of that section, as a "corporation aggrieved by the assessment of a tax . . . apply to the commission for an abatement thereof at any time within two years after the date upon which the notice of assessment is sent" — here two years after September 12, 1967 — which it did not do. The present situation does not fall under the second sentence of § 51, which in certain events permits the taxpayer to rely on its tax return as an application for abatement.

*Decision affirmed.*

The case was submitted on briefs.
*Louis Karp & Alexander A. Bove, Jr.,* for the taxpayer.
*Robert H. Quinn,* Attorney General, *Walter H. Mayo, III,* Assistant Attorney General, & *Joseph A. Grasso, Jr.,* Legal Assistant to the Attorney General, for the State Tax Commission.